OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
To impose liability upon defendant Van Patten, owner of the land on which plaintiff, a coemployee of Van Patten, *1019 was injured, by virtue of section 241 of the Labor Law would be to disregard the express legislative prohibition established by subdivision 6 of section 29 of the Workers’ Compensation Law which makes compensation the exclusive remedy of an employee injured “by the negligence or wrong of another in the same employ.” To paraphrase Williams v Hartshorn (296 NY 49, 50-51): Regardless of his status as owner of the premises where the injury occurred, Van Patten remains a coemployee in his relations with plaintiff in all matters arising from and connected with their employment.
That the purpose of section 241 of the Labor Law was to impose a nondelegable duty upon a property owner regardless of the absence of control, supervision or direction of the work by him (Allen v Cloutier Constr. Corp., 44 NY2d 290) provides no greater reason for denying exclusivity to the compensation remedy than did the derivative liability imposed upon a vehicle owner by section 388 of the Vehicle and Traffic Law, the purpose of which was, like section 241 of the Labor Law, to create a remedy which was previously nonexistent. Yet there is no question that a vehicle owner, not himself a coemployee of plaintiff, is protected by subdivision 6 of section 29 of the Workers’ Compensation Law from liability for injury to plaintiff resulting from operation of the owner’s vehicle by a coemployee of plaintiff (Naso v Lafata, 4 NY2d 585; Rauch v Jones, 4 NY2d 592; Malone v Jacobs, 88 AD2d 927; see Sikora v Keillor, 13 NY2d 610). “The statute, having deprived the injured employee of a right to maintain an action against a negligent coemployee, bars a derivative action which necessarily is dependent upon the same claim of negligence for which the exclusive remedy has been provided” (Rauch v Jones, supra, at p 596).