OPINION OF THE COURT
Arthur S. Hirsch, J.
This motion by defendants Aldo, Armand and Everest Mancusi (Mancusi) presents what is apparently a case of first impression in regard to the use of the affirmative defense of workers’ compensation to defeat a liability action. Defendants move for summary judgment pursuant to CPLR 3212 on the grounds that plaintiff, John Claude Mastey, employed by Al-Arm Electrical Construction Corp. (Al-Arm), was injured while doing renovation work *120 at premises owned by defendants “Mancusi”. Neither side disputes the fact that the three individual owners of the premises where the accident occurred were also the sole shareholders of “Al-Arm”, plaintiff’s employer. Thus, defendants contend that plaintiff is barred from suing them based upon the grounds that they, in fact, are his employers.
Defendants rely heavily upon the case of Williams v Hartshorn (296 NY 49), in which it was held that the administrator of an employee of a partnership, killed in the course of his employment, Could not maintain an action against one of the partners who owned the premises where the accident occurred. Defendants cite additional cases which hold: (1) that where the employee of one corporation of a joint venture attempts to sue the other corporation involved in the joint venture, the action is barred (Fallone v Misericordia Hosp., 23 AD2d 222, affd 17 NY2d 648), and (2) that an employee may not sue his fellow employee for “on the job injuries” (Havas v Victory Paper Stock Co., 49 NY2d 381).
It is defendants’ contention that the law in this jurisdiction does not recognize the “dual capacity doctrine”. The dual capacity doctrine provides that an individual employed by one employer can sue the same employer where certain circumstances exist, e.g., plaintiff employee is injured while working at a premises owned by his employer; there is a defect in the product or a defect in the design of a product from his employer. The court is of the opinion that the “dual capacity doctrine” has no relevance to the instant matter. In this case, there is no question that plaintiff was employed by a corporation. Further, there is no question that the premises where plaintiff was injured was owned by three individuals (albeit the same individuals who were the sole shareholders of the corporation). It goes without saying that in many instances, individuals operate under different business forms, e.g., they may own property as individuals and still operate a business in a corporate name. As stated in the case of Billy v Consolidated Mach. Tool Corp. (51 NY2d 152, 163) “As a general rule, the law treats corporations as having an existence separate and distinct from that of their shareholders and, *121 consequently, will not impose liability upon shareholders for the acts of the corporation [citations omitted]. Indeed, the avoidance of personal liability for obligations incurred by a business enterprise is one of the fundamental purposes of doing business in the corporate form [citations omitted].”
In support of its motion for summary judgment based upon the defense of workers’ compensation, defendants also cite the case of Matter of Ziegler v Fillmore Car Serv. (83 AD2d 692). However, the principles enunciated in this case go to the question of the elements to be considered in determining who is an “employer”. The court cannot under any circumstances consider that the individual defendants were plaintiff’s employer at the time of the accident. The records reveal that compensation payments were made by “Al-Arm” and that “Al-Arm” was the employer of plaintiff at the time of the accident.
Defendants present additional arguments for their contention that plaintiffs should be barred as a result of the presence of a workers’ compensation defense. Defendants’ attempt to present the argument that plaintiff, John Mastey, can be considered the “special employee” of the three individual owners of the land where the accident occurred, despite the admitted fact that the plaintiff was paid by the corporate entity, has no foundation in the facts presented in the motion papers. Further, defendants’ reliance upon the case of Heritage v Van Patten (59 NY2d 1017) is ill-founded since the decision in the Heritage case barring plaintiff from bringing an action against the owner of the land (who was also the sole shareholder of the corporation that employed plaintiff) apparently turned upon the fact that the owner was a “coemployee” of the plaintiff. While the court does not go into detail in Heritage as to the facts involved, their conclusion as to the coemployee rationale is clear based upon the statement contained in the decision that “[r]egardless of his status as owner of the premises where the injury occurred, Van Patten remains a coemployee in his relations with plaintiff in all matters arising from and connected with their employment” (p 1019). Defendants in the instant matter present nothing to the court which would indicate that the three owners of the *122 land where plaintiff was injured are “coemployees” with the plaintiff. It is significant to note that in a later case, Shine v Duncan Petroleum Transp. (60 NY2d 22, 28), Chief Judge Cooke, concurring with the majority ruling, stated in regard to a similar problem involving workers’ compensation: “Thus, the only question to be resolved is the relationship between the two companies: if alter egos, then Duncan Petroleum is an employer; if not alter egos, then Duncan Petroleum is not an employer. In short, the issue here is not ‘the availability of [workers’] compensation’ as such [citations omitted], but rather the legal identity of two corporations.” (Emphasis supplied.)
In the instant case, we do not have two corporations, but one corporation with three individuals involved, arid it is this court’s opinion that the legal identity of the two are sufficiently distinct so as to allow a third-party action against the owners of the land despite their close relationship with the plaintiff’s determined corporate employer.
In addition to the motion to dismiss the instant action based on the workers’ compensation defense, defendants also move for an order precluding the plaintiffs from offering evidence at trial of certain items requested in a demand for a bill of particulars as well as in the direction that the complaint served on the plaintiffs be dismissed for failure to comply with defendants’ additional discovery requests. Apparently, a bill of particulars was served, but defendant claims that the bill is defective in that:
(1) Plaintiffs failed to supply the exact location of the accident;
(2) Plaintiffs failed to supply details as to how the amount of alleged lost earnings was computed;
(3) Plaintiffs failed to state the exact amount of special damages for medical, hospital and miscellaneous expenses.
The court agrees that defendants are entitled to a precise description of the location of the accident. Further, defendants are entitled to a computation as to how the total amount of the lost earnings was computed, i.e., the weekly or monthly earnings of the plaintiff at the time of the accident. Accordingly, plaintiffs are directed to serve a supplemental bill of particulars within 30 days after service of a copy of this order with notice of entry setting forth *123 with more particularity the location of the accident, a specific computation as to plaintiff’s loss of earnings, and specific amounts for physicians’ expenses, hospital expenses and any other relevant special damages as of this time. If the special damages are continuing, plaintiffs may indicate that they “are continuing” and shall serve a supplemental bill prior to the case being placed upon the calendar indicating the additional expenses incurred.
Lastly, the court feels constrained to comment upon the opposition presented in defendants’ “affirmation of improper service” which is directed to the fact that a letter from the plaintiffs’ attorney dated one day after this motion was heard was sent to the court. While the court ordinarily might not consider such “additional” argument, it is to be noted firstly that a copy of the letter was sent to defendants’ attorney. In addition, this court is willing to accept any material concerning a controverted matter provided that the material is presented within a reasonable time. As indicated, the letter from the plaintiffs’ attorney was dated one day subsequent to the time that the motion was presented and this court will not stand upon procedural formalities in attempting to resolve serious and unique problems between litigants. Therefore, the material in the letter from Ressler & Ressler, Esqs., has been considered by the court in connection with the court’s decision.
Defendants’ motion for summary judgment, based upon the affirmative defense of workers’ compensation, is denied. Defendants’ motion for “discovery relief” is granted in accordance with the terms enunciated heretofore.