OPINION OF THE COURT
Ethel B. Danzig, J.
Third-party defendant Meyerbank Electric Co., Inc. (Meyer-bank) moves this court to dismiss plaintiffs’ complaint as against the defendants the Port Authority of New York (Authority), and P. J. Carlin Construction Company and Atlas *234 Tile & Marble Works, Inc., a joint venture (Carlin-Atlas), and to dismiss Carlin-Atlas’ third-party complaint against Meyer-bank. Plaintiffs Jack Chasnoff and Esse Chasnoff cross-move for leave to amend their bill of particulars to include a violation of Labor Law § 241 (6).
Plaintiffs commenced this action to recover monetary damages for personal injuries sustained by Mr. Chasnoff on April 20, 1979 while he was working at a construction site due to the alleged negligence of the various defendants. The Authority apparently owned the building where the accident occurred. Carlin-Atlas was the general contractor and Meyer-bank, plaintiff’s employer, was performing work at the premises as a subcontractor of Carlin-Atlas.
Plaintiff testified in substance at his examination before trial held on May 19, 1981 that just before his accident, he and some coemployees of Meyerbank were moving a large piece of equipment called a motor control center from the delivery truck to its ultimate location inside the motor control room on the third floor of the new Port Authority Bus Terminal Building on Eighth Avenue. The motor control center was manufactured by defendant GTE Sylvania Incorporated (Sylvania).
Mr. Chasnoff further testified that the piece of equipment was made of steel, weighed 1,200 pounds and consisted of many heavy power switches, interconnected with copper bus bar bolted to each other. He further stated, in substance, that the unit was removed from the original delivery truck, put onto a pickup truck, taken by way of a ramp to the third floor as near as possible to its eventual location and then was removed by the employees from the truck to the ground. The men then proceeded to move the piece of equipment with the help of some steel "skates”, steel pipes and pieces of plywood into the motor control room and stood it upright in front of a concrete pedestal.
Mr. Chasnoff further testified that after lunch 5 or 6 of the men working for Meyerbank attempted to move the unit "a little bit at a time, one corner at a time * * * jockeying it back and forth in its upright position toward the pedestal”, and as they were turning it around to face the proper direction it toppled over in his direction and landed on his left elbow and his right foot.
There is no major dispute between the parties as to how the accident happened.
*235 On or about September 13, 1984, Meyerbank moved to amend its third-party answer to claim that "plaintiffs are barred by Section 29 (6) of the Workers’ Compensation Law and the holding of the Court of Appeals in Heritage v. Van Patten, 59 NY2d 1017 * * * from asserting causes of action against the defendants [Authority and Carlin-Atlas].” The motion was granted by order dated October 12, 1984 (Dontzin, J.).[1] Meyerbank now makes this motion to dismiss based on that amendment, arguing in essence that Mr. Chasnoff was injured solely by reason of the negligence of his fellow employees who had the benefit of Workers’ Compensation Law § 29 (6) which provides that the right to workers’ compensation is the exclusive remedy to an employee when he is injured by the negligence or wrong of a fellow employee. Citing the holding of the Court of Appeals in the Heritage case (supra), Meyerbank argues that those vicariously or derivatively responsible for the negligence of plaintiff’s fellow workers— namely, the Authority and Carlin-Atlas — also have the benefit of section 29 (6) and, therefore, the plaintiff’s action against these defendants and the third-party action by Carlin-Atlas against it must be dismissed.
The fact pattern in Heritage (supra), however, was quite unusual. The defendant Van Patten was the sole stockholder, president and chief executive officer of plaintiff’s corporate employer. Plaintiff Heritage was seriously injured while working on the construction of a building and received workers’ compensation benefits from his employer’s carrier. Mr. Heritage then commenced an action pursuant to Labor Law §§ 240 and 241 against defendant Van Patten in his capacity as holder of the legal title to the property upon which the construction work was being done. The Court of Appeals affirmed the order of the Appellate Division which concluded that defendant, as president and chief executive officer of the *236 corporate employer, was also a "coemployee” of the plaintiff, thus invoking the provisions of Workers’ Compensation Law § 29 (6). The Court of Appeals cited its earlier decision in Rauch v Jones (4 NY2d 592) in which it held that "[t]he statute, [§ 29 (6)] having deprived the injured employee of a right to maintain an action against a negligent coemployee, bars a derivative action which necessarily is dependent upon the same claim of negligence for which the exclusive remedy has been provided.” (Rauch v Jones, supra, at p 596; emphasis supplied.)
Plaintiff Chasnoff, however, claims that the Heritage holding (supra) should be limited to its unique set of facts where defendant is both the owner of the corporate employer and a coemployee of the plaintiff. This court agrees (see, e.g., Mastey v Mancusi, 122 Misc 2d 119, 121-122). This is not a derivative action necessarily dependent upon the same claim of negligence for which the workers’ compensation exclusive remedy is provided, as was the case in Rauch and Heritage (supra). Plaintiff Chasnoff has no direct claims against Meyerbank, his employer, who was brought in as a third-party defendant by Carlin-Atlas, the general contractor. Plaintiffs causes of action against the owner and general contractor allege that the Authority and Carlin-Atlas were negligent in failing to provide a safe place for plaintiff to work and proper equipment to move the electrical unit, pursuant to various sections of the Labor Law. The defendants have no relationship with plaintiffs coemployees, who were employed by Meyerbank, the third-party defendant.
It certainly could not have been the intention of the Court of Appeals in deciding the Heritage case (supra) to dismantle Labor Law §§ 240 and 241 which were enacted by the Legislature "to give the workman in the hazardous employment of construction * * * added protection, other than workmen’s compensation, in the form of nondelegable duties cast upon the owner and general contractor with ensuing liability for breach of those duties” (Allen v Cloutier Constr. Corp., 44 NY2d 290, 299; emphasis supplied).[2]
The holding in the Heritage case (59 NY2d 1017, supra) must be limited to a situation where the owner/employer can also be considered a "coemployee” of the plaintiff. Since that *237 is certainly not the case here, the court denies Meyerbank’s motion in all respects.
Plaintiffs’ cross motion to amend their bill of particulars to include a violation of Labor Law § 241 (6) is granted. While plaintiffs’ complaint does not specifically claim a violation of Labor Law § 241 (6), it does allege violations of the Labor Law in the first cause of action and mentions Labor Law §§ 200 and 240 in the second cause of action. In addition, the bill of particulars of Carlin-Atlas in response to Meyerbank’s demand claims violation of Labor Law § 241. Therefore, it appears to this court that there can be no prejudice to any party by permitting plaintiffs to amend their bill of particulars at this time to include a violation of Labor Law § 241 (6). No further discovery is required thereby, and certainly no surprise can be claimed by any party.

. Although Meyerbank argues that in granting its motion, Justice Dontzin obviously approved of the contention in its amendment and thus rejected the contentions of the plaintiffs’ attorney set out in his opposing papers, this is clearly not the case, since Justice Dontzin specifically stated in his order that he was granting the motion "there being no papers submitted in opposition.” Meyerbank itself attaches a copy of plaintiffs opposition papers dated September 28, 1984 as exhibit "D” to its moving papers with a stamp indicating that those papers were received by Meyer-bank’s counsel on October 1, 1984. However, plaintiffs’ opposition papers obviously were not before Justice Dontzin when he made his order. Thus, any speculations about the court’s position in granting Meyerbank’s motion to amend are unfounded.

. See the Allen v Cloutier Constr. Corp. decision (44 NY2d 290) for an excellent summary of the development of these sections of the Labor Law.