■ CHRISTOPHER TORRE, Respondent, v RONALD J. SCHMUCKER, Appellant. [712 NYS2d 581] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), entered

September 9, 1999, which denied his motion pursuant to CPLR 3211 to dismiss the complaint on the ground that it is barred by the exclusivity provisions of the Workers' Compensation Law.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was allegedly injured when he was a passenger in a car driven by the defendant and owned by the defendant's father. At the time of the accident, the plaintiff and the defendant were employed by the same company. The plaintiff received benefits pursuant to the Workers' Compensation Law as a result of the accident.

Since a workers' compensation award was made " 'it necessarily follows that the [Worker's] Compensation Board determined that an employer-employee relationship obtained, and, further, that the [accident in which the plaintiff was injured] arose out of and in the course of [the plaintiff's] employment' " (*French v Shaft,* 154 AD2d 336; *Velasquez v Pine Grove Resort Ranch,* 61 AD2d 1102, 1103). Since the plaintiff accepted benefits under the Workers' Compensation Law, he cannot now collaterally attack the award in an action at law and assert that the accident in which he was injured did not occur in the course of his employment (*see, French v Shaft, supra; Lunsford v Schaffner,* 184 AD2d 625).

Accordingly, this action is barred by the exclusivity provisions of the Workers' Compensation Law §§ 10, 11, and 29 (6) (*see, Heritage v Van Patten,* 90 AD2d 936, *affd* 59 NY2d 1017). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.