OPINION OF THE COURT
 

 Ciparick, J.
 

 Plaintiff Anthony Macchirole was a union fireproofer and an employee of Giamboi Brothers, Inc. (“GBI”), a closely-held family corporation engaged in the fireproofing and plastering business. Plaintiff typically performed fireproofing work for GBI. Defendant Joseph Giamboi was the Chairman of the Board and a principal shareholder of GBI. In the spring of 1995, a GBI foreman requested at defendant’s direction that plaintiff and another union worker perform maintenance work on defendant’s Garden City home. Plaintiff and a co-worker began work, including painting, cleaning and gardening, at
 
 *149
 
 defendant’s residence. GBI paid plaintiff his standard union wages, with benefits, and plaintiff reported to his GBI superintendent as usual. At all times, plaintiff regarded defendant as his “boss.”
 

 When the assigned maintenance work was completed, defendant requested that plaintiff and his co-worker trim the hedges and trees surrounding the residence. Defendant supplied an electric hedge-trimmer, borrowed from a GBI warehouse, and a ladder to assist the men in their task. While perched on the ladder and trimming a 10-foot tree, plaintiff lost his balance and fell. Before plaintiff struck the ground, the electric trimmer, still operating, clipped and severely lacerated his right hand.
 

 Plaintiff recovered workers’ compensation from the corporation’s insurance carrier. Thereafter he commenced this action against defendant as owner of the residence, alleging negligence and violations of Labor Law §§ 200, 240 and 241.
 
 *
 
 Supreme Court granted defendant’s motion for summary judgment and dismissed the complaint. The court concluded that because plaintiff was an “employee” performing work for his employer at the time of the accident, his exclusive remedy was workers’ compensation. The Appellate Division affirmed, noting that plaintiff’s acceptance of workers’ compensation payments barred him “as a matter of law from maintaining an action against the defendant Joseph Giamboi, his fellow employee” (281 AD2d 401 [2001]). We granted plaintiff leave to appeal (96 NY2d 714 [2001]) and now affirm on different grounds.
 

 Workers’ Compensation Law § 29 (6) provides, in pertinent part, that “[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his or her dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ” (Workers’ Compensation Law § 29 [6]). At issue in this case is whether the parties were in the same employ.
 

 In affirming dismissal of the complaint, the Appellate Division relied solely on plaintiff’s acceptance of workers’ compensation payments. An employee’s acceptance of workers’ compensation payments does not alone trigger the statute’s exclusivity provision. Instead, the Workers’ Compensation Law immunizes a fellow employee from suit, and becomes a plaintiffs exclusive
 
 *150
 
 remedy, only when both plaintiff and defendant are in the same employ (see, Workers’ Compensation Law § 29 [6]). Therefore, mere acceptance of workers’ compensation benefits is not dis-positive of the exclusivity issue.
 

 Workers’ compensation qualifies as an exclusive remedy when both the plaintiff and the defendant are acting within the scope of their employment, as coemployees, at the time of injury
 
 (see, Maines v Cronomer Val. Fire Dept.,
 
 50 NY2d 535 [1980]). Specifically, “a defendant, to have the protection of the exclusivity provision, must * * * have been acting within the scope of * * * employment and not have been engaged in a willful or intentional tort”
 
 (id.,
 
 at 543). Parties are coemployees in “all matters arising from and connected with their employment”
 
 (Heritage v Van Patten,
 
 59 NY2d 1017, 1019 [1983]). Furthermore, coemployee status survives “[r]egardless of [the employer’s] status as owner of the premises where the injury occurred”
 
 (id.).
 
 Thus, a corporate principal’s ownership of the premises does not negate the coemployee relationship.
 

 Contrary to plaintiff’s arguments, our ruling in
 
 Heritage
 
 governs the outcome of this appeal. In that case, we held that a plaintiff could not maintain an action for civil damages for work-related injuries that occurred on a coemployee’s land. Plaintiff there was injured in a construction accident while performing work on property owned by the defendant, who was the president and chief executive officer of the employer-corporation. We held that, notwithstanding defendant’s status as owner of the premises, the defendant remained a coemployee of the plaintiff “in all matters arising from and connected with their employment”
 
 (id.).
 

 Plaintiff attempts to distinguish
 
 Heritage
 
 by differentiating between the types of property at issue.
 
 Heritage
 
 involved commercial property, whereas the property here is defendant’s personal residence. This distinction, however, bears no relevance to the exclusivity determination. In
 
 Heritage
 
 this Court made clear that a coemployee may not be held liable in a subsequent suit for injuries covered by the Workers’ Compensation Law simply because he or she owns the property where the injury occurred. We did not hinge our analysis on a classification of the property as commercial, and we decline to do so here.
 

 In the instant case, both plaintiff and defendant were acting within the scope of their employment at the time of injury. Plaintiff had a two-year working relationship with GBI prior to
 
 *151
 
 the accident, and was employed almost exclusively by the corporation.
 

 On the day of the accident, as customary, a GBI foreman directed plaintiff to appear at a work location, defendant’s residence. Plaintiff worked his regular hours on the job, and the corporation paid him standard union wages for the work, in the usual manner, with a company check. The fact that plaintiff performed work on defendant’s residence, and that defendant may have personally benefltted from the work, is of no consequence here. Moreover, no one disputes that defendant was acting well within his authority, as principal, in assigning this work to plaintiff. The duties owed plaintiff by defendant as chief executive of GBI and as homeowner were indistinguishable here
 
 (see, Russell v Gaines,
 
 209 AD2d 939, 940 [1994] [Wesley, J., dissenting];
 
 Cusano v Staff,
 
 191 AD2d 918 [1993]).
 

 Since plaintiff and defendant were coemployees, acting within the scope of their employment at the time of the injury, workers’ compensation is plaintiff’s exclusive remedy
 
 (see,
 
 6 Larson’s Workers’ Compensation § 111.02 [3]). He, therefore, cannot maintain a separate civil action against defendant.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs.
 

 *
 

 We limit “plaintiff” to Macchirole and “defendant” to Giamboi although, technically, the action was instituted by Macchirole and his spouse derivatively against Giamboi and his spouse as co-owners of the residence.