■ MAREK SOJKA, Respondent, v JOHN ROMEO, Appellant. [740 NYS2d 423] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated May 3, 2001, as denied those branches of its motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and under Labor Law § 200.

Ordered that the order is reversed insofar as appealed from, with costs, those branches of the motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 claims are granted, and the complaint is dismissed in its entirety.

The plaintiff commenced this action against the defendant to recover damages for personal injuries he sustained after tripping over rubble while performing renovation work at a single-family dwelling owned by the defendant. At the time of the accident, the plaintiff was employed by Fiberwave Corp. (hereinafter Fiberwave). The defendant is the president and sole shareholder of Fiberwave.

The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's common-law negligence and Labor Law § 200 claims. The Supreme Court, inter alia, found that the defendant failed to meet his burden of establishing the defense of workers' compensation, as there were issues of fact as to

whether the defendant was acting within the scope of his employment when he retained the plaintiff to work on his residence.

The defendant correctly contends that the evidence established as a matter of law that he was acting within the scope of his employment when he retained the plaintiff to work on his residence. The plaintiff testified at his deposition that he was hired by the defendant, and that he and other Fiberwave employees were performing renovation work at the defendant's premises for six months before the date of the accident. Further, the plaintiff conceded that he received his work instructions from other Fiberwave employees, that his salary was paid by Fiberwave checks signed by the defendant, and that he received workers' compensation benefits from Fiberwave's insurer.

As the Court of Appeals reiterated in *Macchirole v Giamboi* (97 NY2d 147, 150, quoting *Heritage v Van Patten,* 59 NY2d 1017, 1019), "[p]arties are coemployees in 'all matters arising from and connected with their employment.' " The fact that a corporate principal may be the owner of the premises where an accident occurred "does not negate the coemployee relationship" (*Macchirole v Giamboi, supra* at 150).

Here, the defendant, as principal of Fiberwave, was acting within the scope of his employment when he assigned the plaintiff to perform renovation work on his residence. Accordingly, the plaintiff is barred from maintaining this action against the defendant as owner of the premises where the accident occurred since the defendant and the plaintiff were coemployees at the time of the plaintiff's accident (*see Macchirole v Giamboi, supra*; *Heritage v Van Patten, supra*). Ritter, J.P., Smith, Friedmann and Cozier, JJ., concur.