■ DARNELL FLOOD, Respondent, v IRVING BERK, Defendant and Third-Party Plaintiff-Respondent-Appellant. BERK TRADE SCHOOL INC., Third-Party Defendant-Appellant-Respondent. [753 NYS2d 70] —Judgment, Supreme Court, New York County (Eugene Bergin, J.), entered May 3, 2001, upon a directed verdict in favor of plaintiff and against defendant Irving Berk personally and against Berk Trade School for indemnification in the sum of $285,962.13, unanimously reversed, on the law, without costs, the judgment vacated and the complaint and third-party complaint dismissed. The Clerk is directed to enter judgment accordingly.

Where the trial evidence established that defendant and third-party plaintiff Berk was the owner of the building in which plaintiff was injured; that he was the principal and director of the school which employed plaintiff as a carpenter as well as the principal or sole shareholder of the corporate school; that Berk signed plaintiff's paychecks; that plaintiff had, on occasion, taken orders directly from Berk regarding renovation work to be done at the school; and, that plaintiff obtained workers' compensation benefits from the school, the trial court erred in finding that plaintiff and Berk were not coemployees. The relationship of the parties here is virtually identical to that in *Heritage v Van Patten* (90 AD2d 936, *affd on other grounds* 59 NY2d 1017), where the Court of Appeals held that workers' compensation was plaintiff's exclusive remedy regardless of the defendant's status as owner of the property, since the defendant remained "a coemployee in his relations with plaintiff in all matters arising from and connected with their employment" (59 NY2d at 1019; *see also Macchirole v Giamboi*, 97 NY2d 147). Concur—Tom, J.P., Andrias, Saxe, Buckley and Lerner, JJ.