■ WALTER LOZADO, Appellant, v MADELINE FELICE et al., Respondents. [779 NYS2d 540]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bonina, J.), dated December 24, 2002, as granted the motion of the defendant Madeline Felice, and the separate motion of the defendants Tri State Commercial Builders, Inc., and Lic Contracting for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly was injured while working on a remodeling project at the home of the defendant Madeline Felice, who was the president of Plakos Scrap Processors (hereinafter Plakos), the plaintiff's employer. After receiving workers' compensation benefits from Plakos's insurer, the plaintiff commenced this action against Felice, Lic Contracting (hereinafter Lic), which originally was hired by Felice to work on the remodeling project, and Tri State Commercial Builders, Inc. (hereinafter Tri State), the parent company of Lic, alleging negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6).

The Supreme Court properly granted Felice's motion for summary judgment dismissing the complaint insofar as asserted against her. Since Felice was acting within the scope of her

employment by Plakos when she directed the plaintiff's work at her residence and since the plaintiff was acting within the scope of his employment by Plakos at the time of the accident, the plaintiff and Felice were coemployees. Therefore, workers' compensation was the plaintiff's exclusive remedy, and he is barred from maintaining this action against Felice (*see* Workers' Compensation Law § 29 [6]; *Macchirole v Giamboi,* 97 NY2d 147, 150 [2001]; *Heritage v Van Patten,* 59 NY2d 1017, 1019 [1983]; *Sojka v Romeo,* 293 AD2d 522, 523 [2002]).

The Supreme Court also properly granted the motion of Tri State and Lic for summary judgment dismissing the complaint insofar as asserted against them. Tri State and Lic established their prima facie entitlement to summary judgment by submitting evidence that they were not "contractors," within the meaning of Labor Law § 240 (1) and § 241, at the time of the plaintiff's accident (*see Townsend v Nenni Equip. Corp.,* 208 AD2d 825 [1994]; *Nowak v Smith & Mahoney,* 110 AD2d 288 [1985]; *cf. Williams v Dover Home Improvement,* 276 AD2d 626 [2000]), and that they had no authority to supervise or control the plaintiff or his work, as required in an action alleging common-law negligence or a violation of Labor Law § 200 (*see Russin v Picciano & Son,* 54 NY2d 311, 317 [1981]; *Aranda v Park E. Constr.,* 4 AD3d 315, 316-317 [2004]; *cf. Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 352-353 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact. Florio, J.P., Townes, Crane and Lifson, JJ., concur.