ERNEST G. NEAR et al., Respondents, v WAGNER POOL COMPANY et al., Defendants, and DIMITRY JODIDIO et al., Appellants. [789 NYS2d 739]—

In an action to recover damages for personal injuries, etc., the defendants Dimitry Jodidio and Jean Jodidio appeal from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 1, 2004, as, upon renewal, adhered to its prior determination in an order dated September 5, 2003, denying their motion for summary judgment dismissing the complaint insofar as asserted against them as barred by the exclusivity provision of Workers' Compensation Law § 29 (6).

Ordered that the order dated April 1, 2004, is reversed insofar as appealed from, on the law, with costs, upon renewal, the motion for summary judgment is granted, the order dated September 5, 2003, is vacated, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

Upon renewal, the appellants submitted the transcripts of their own deposition testimony as well as that of the injured

plaintiff. The appellants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the injured plaintiff was their co-employee and that they all were acting within the scope of their employment at the time of the injured plaintiff's alleged accident (*see Macchirole v Giamboi,* 97 NY2d 147 [2001]; *Heritage v Van Patten,* 59 NY2d 1017 [1983]; *Lozado v Felice,* 8 AD3d 633 [2004]; *Sojka v Romeo,* 293 AD2d 522 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Accordingly, upon renewal, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them as barred by the exclusivity provision of Workers' Compensation Law § 29 (6). H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.