In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered June 23, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
Workers’ Compensation Law § 29 (6) provides that “[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his or her dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ.” “Workers’ compensation qualifies as an exclusive remedy when both the plaintiff and the defendant are acting within the scope of their employment, as coemployees, at the time of injury” (Macchirole v Giamboi, 97 NY2d 147, 150 [2001]).
Under the circumstances of this case, the defendants submitted sufficient evidence to demonstrate, as a matter of law, that the exclusivity provisions of Workers’ Compensation Law § 29 (6) barred the plaintiff from bringing this action against them (see Goode v Woodside, 74 AD3d 1279, 1280-1281 [2010]; Torre v Schmucker, 275 AD2d 365, 366 [2000]; Velasquez v Pine Grove Resort Ranch, 61 AD2d 1102, 1103 [1978]). The plaintiff failed to raise a triable issue of fact in opposition.
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Rivera, J.P., Chambers, Roman and Cohen, JJ., concur.