■ JOSEPH POWER et al., Appellants, v EDWARD M. FRASIER et al., Respondents. [15 NYS3d 382]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Green, J.), dated September 14, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Joseph Power (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action against John Frasier (hereinafter John) and his father, Edward Frasier, for injuries that the injured plaintiff allegedly sustained when he was struck by a vehicle driven by John in a parking lot operated by the New York City Transit Authority (hereinafter the NYCTA). At the time, the injured plaintiff and John were coemployees of the NYCTA. According to the parties, on the date of the accident, at approximately 3:50 p.m., the injured plaintiff, whose shift ended at 4:00 p.m., was walking across the parking lot when he was struck by a car driven by John. John had driven to the parking lot in his father's vehicle and had punched in, then gotten back into the vehicle to wait for a parking spot to become available. The plaintiffs acknowledge

that the injured plaintiff received workers' compensation benefits for injuries he sustained as a result of the accident.

The defendants moved for summary judgment dismissing the complaint on the ground that this action is barred by the exclusivity provisions of the Workers' Compensation Law. The Supreme Court granted the motion, and we affirm.

The Workers' Compensation Law "is designed to insure that an employee injured in course of employment will be made whole and to protect a coemployee who, acting within the scope of his employment caused the injury" (*Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535, 544 [1980]). "Workers' Compensation qualifies as an exclusive remedy when both the plaintiff and the defendant are acting within the scope of their employment, as coemployees, at the time of injury" (*Macchirole v Giamboi*, 97 NY2d 147, 150 [2001]). Under the Workers' Compensation Law, "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ" (Workers' Compensation Law § 29 [6]). Thus, the Workers' Compensation Law "offers the only remedy for injuries caused by [a] coemployee's negligence" in the course of employment (*Tikhonova v Ford Motor Co.*, 4 NY3d 621, 624 [2005]; *see* Workers' Compensation Law §§ 11, 29 [6]). "[A] defendant, to have the protection of the exclusivity provision, must himself have been acting within the scope of his employment and not have been engaged in a willful or intentional tort" (*Maines v Cronomer Val. Fire Dept.*, 50 NY2d at 543; *see Roman v Ainechi*, 15 AD3d 562, 562 [2005]).

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against John by showing that John was acting within the scope of his employment when the injured plaintiff, his coemployee, was injured (*see Matter of Lawton v Eastman Kodak Co.*, 206 AD2d 813 [1994]; *Malone v Jacobs*, 88 AD2d 927 [1982]; *Caracciolo v Furman*, 29 AD2d 903 [1968]; *Rozelle v Robertson*, 29 AD2d 589 [1967]). In opposition, the plaintiffs failed to raise a triable issue of fact. Since the parties do not dispute that the injured plaintiff was acting within the scope of his employment at the time he was injured and that he was awarded workers' compensation benefits in connection with his injury, and there is no allegation that John was acting intentionally or engaging in willful misconduct, the exclusivity provisions of Workers' Compensation Law § 29 (6) barred the plaintiffs from commencing this action against John. Accordingly, that branch of the defendants' motion which was for

summary judgment dismissing the complaint insofar as asserted against John was properly granted (*see Macchirole v Giamboi*, 97 NY2d 147 [2001]; *Castro v Salem Truck Leasing, Inc.*, 63 AD3d 1095 [2009]; *Garcia v Pepe*, 42 AD3d 427 [2007]; *Sojka v Romeo*, 293 AD2d 522 [2002]; *Torre v Schmucker*, 275 AD2d 365 [2000]).

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against John's father. In light of John's immunity from direct liability to the plaintiffs, his father may not be held vicariously liable for John's alleged negligence (*see Isabella v Hallock*, 22 NY3d 788, 797 [2014]; *Rauch v Jones*, 4 NY2d 592 [1958]; *Naso v Lafata*, 4 NY2d 585 [1958]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.