McNulty v Port Wash. Police Dist. (2021 NY Slip Op 00553)





McNulty v Port Wash. Police Dist.


2021 NY Slip Op 00553


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-13189
 (Index No. 604185/18)

[*1]Michael McNulty, et al., appellants, 
v
Port Washington Police District, et al., respondents.


The Rizzuto Law Firm, Uniondale, NY (Kenneth R. Shapiro of counsel), for appellants.
Bond, Schoeneck & King, PLLC, Garden City, NY (Richard S. Finkel of counsel), for respondent Port Washington Police District.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent Nicholas J. Cangemi.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered October 3, 2018. The order granted the motion of the defendant Port Washington Police District pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and granted the motion of the defendant Nicholas J. Cangemi for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with one bill of costs.
On January 28, 2017, the plaintiff Michael McNulty (hereinafter McNulty), who was operating a police motorcycle in his capacity as an officer of the defendant Port Washington Police District (hereinafter PWPD), allegedly collided with a PWPD vehicle operated by his coworker, the defendant Nicholas Cangemi. McNulty, and his wife suing derivatively, commenced this action against PWPD and Cangemi asserting causes of action sounding in negligence and alleging a violation of General Municipal Law § 205-e. PWPD filed a pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, arguing, inter alia, that the action was barred by the exclusivity provisions of the Workers' Compensation Law. Cangemi moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted both motions. The plaintiffs appeal. We affirm.
The Supreme Court properly granted PWPD's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(1), "the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Leon v Martinez, 84 NY2d 83, 88). Here, PWPD submitted documentary evidence conclusively establishing that the plaintiffs' causes of action insofar as asserted against it were barred by the exclusivity provisions of the Workers' Compensation Law (see Weiner v City of New York, [*2]84 AD3d 140, 147-148, affd 19 NY3d 852).
The Supreme Court also properly awarded summary judgment to Cangemi. The Workers' Compensation Law is designed to ensure that an employee injured in the course of his or her employment will be made whole and to protect a coemployee who, acting within the scope of his or her employment, caused the injury (see Maines v Cronomer Val. Fire Dept., 50 NY2d 535, 544; Power v Frasier, 131 AD3d 461). "Workers' compensation qualifies as an exclusive remedy when both the plaintiff and the defendant are acting within the scope of their employment, as coemployees, at the time of injury" (Macchirole v Giamboi, 97 NY2d 147, 150). Under the Workers' Compensation Law, "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ" (Workers' Compensation Law § 29[6]). Thus, the Workers' Compensation Law "offers the only remedy for injuries caused by [a] coemployee's negligence" in the course of employment (Tikhonova v Ford Motor Co., 4 NY3d 621, 624; see Workers' Compensation Law §§ 11, 29[6]). "[A] defendant, to have the protection of the exclusivity provision, must himself [or herself] have been acting within the scope of his [or her] employment and not have been engaged in a willful or intentional tort" (Maines v Cronomer Val. Fire Dept., 50 NY2d at 543; see Power v Frasier, 131 AD3d 461).
Here, Cangemi established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by establishing that both he and McNulty were coemployees acting within the scope of their employment when McNulty was injured (see Power v Frasier, 131 AD3d 461). In opposition, the plaintiffs failed to raise a triable issue of fact.
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court