Walsh v Knudsen (2021 NY Slip Op 05607)





Walsh v Knudsen


2021 NY Slip Op 05607


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-01090
2018-01094
 (Index Nos. 56457/17, 61065/17)

[*1]Michael A. Walsh, respondent,
v
Ronald Knudsen, et al., appellants. (Matter No. 1.)
In the Matter of Michael A. Walsh, respondent,
v
Ronald Knudsen, et al., appellants. (Matter No. 2.)


Marshall Conway & Bradley, P.C., New York, NY (Lauren Turkel of counsel), for appellants Ronald Knudsen and John Whalen.
Vincent Toomey, Lake Success, NY (Thomas Marcoline of counsel), for appellant Incorporated Village of Larchmont.
Bartlett, LLP, Bay Shore, NY (Anthony V. Barbiero of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries and a related converted proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, (1) Ronald Knudsen and John Whalen appeal, and the Incorporated Village of Larchmont separately appeals, from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated December 7, 2017, and (2) Ronald Knudsen and John Whalen appeal from an order of the same court dated December 13, 2017. The order dated December 7, 2017, insofar as appealed from, granted the petition for leave to serve a late notice of claim. The order dated December 13, 2017, denied the motion of Ronald Knudsen and John Whalen pursuant to CPLR 3211(a) to dismiss the complaint in Matter No. 1, and granted Michael A. Walsh's cross motion for leave to amend the complaint in Matter No. 1.
ORDERED that the order dated December 7, 2017, is reversed insofar as appealed from, on the law, and in the exercise of discretion, and the petition for leave to serve a late notice of claim is denied; and it is further,
ORDERED that the order dated December 13, 2017, is reversed, on the law, the motion of Ronald Knudsen and John Whalen pursuant to CPLR 3211(a) to dismiss the complaint in Matter No. 1 is granted, and Michael A. Walsh's cross motion for leave to amend the complaint in Matter No. 1 is denied; and it is further,
ORDERED that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.
On May 1, 2017, Michael A. Walsh (hereinafter the plaintiff), who was employed as a police officer by the Incorporated Village of Larchmont, commenced an action (hereinafter Matter No. 1) to recover damages for personal injuries against Ronald Knudsen and John Whalen, who were both employed as police sergeants by the Village. The complaint alleged that on May 7, 2016, while the plaintiff was working at the front desk of the Village's police headquarters, Knudsen negligently and recklessly discharged an electronic control device (hereinafter the taser), causing injury to the plaintiff. The complaint alleged that, at the time of the incident, Whalen was instructing Knudsen in the proper use of the taser. On June 27, 2017, Knudsen and Whalen moved pursuant to CPLR 3211(a) to dismiss the complaint in Matter No. 1 upon the grounds, inter alia, that the complaint failed to state a cause of action because the plaintiff's exclusive remedy was the Workers' Compensation Law and the plaintiff failed to serve a timely notice of claim pursuant to General Municipal Law §§ 50-e and 50-i.
On July 28, 2017, the plaintiff commenced a second action (hereinafter Matter No. 2) against Knudsen, Whalen, and the Village based upon the May 7, 2016 incident. The complaint in Matter No. 2 alleged, among other things, that Knudsen willfully activated the taser, Knudsen and Whalen "entered into a criminal conspiracy to scare shock and disturb the psyche of the Plaintiff," and both Knudsen and Whalen believed the taser was unloaded. On August 4, 2017, the plaintiff moved in Matter No. 2 for leave to file a late notice of claim, which Knudsen and Whalen, as well as the Village, opposed. On August 16, 2017, Knudsen and Whalen moved pursuant to CPLR 3211(a) to dismiss the complaint in Matter No. 2 upon the grounds, inter alia, that a prior action was pending, and the action was barred by the exclusivity provisions of the Workers' Compensation Law and the statute of limitations.
On September 7, 2017, the plaintiff cross-moved, among other things, for leave to amend the complaint in Matter No. 1. The proposed amended complaint contained similar allegations regarding Knudsen and Whalen as the complaint in Matter No. 2.
By order dated December 7, 2017, the Supreme Court converted Matter No. 2 into a proceeding for leave to serve a late notice of claim, granted the petition for leave to serve a late notice of claim, and otherwise directed dismissal of the proceeding. By order dated December 13, 2017, the court denied Knudsen and Whalen's motion to dismiss the complaint in Matter No. 1 and granted the plaintiff's cross motion to amend the complaint in Matter No. 1. Knudsen and Whalen appeal, and the Village separately appeals, from so much of the order dated December 7, 2017, as granted the petition for leave to serve a late notice of claim, and Knudsen and Whalen appeal from the order dated December 13, 2017.
"Pursuant to General Municipal Law § 50-e(5), a court may, in its discretion, extend the time to serve a notice of claim" (Matter of K.G. v City of New York, 186 AD3d 1366, 1367 [internal quotation marks omitted]; see Williams v Nassau County Med. Ctr., 6 NY3d 531, 535; Matter of Ramirez v City of New York, 148 AD3d 908, 908). The purpose of the notice of claim is to provide municipalities timely notice so that they can investigate, collect evidence, and evaluate the merits of the claim while the facts are still fresh (see Rosenbaum v City of New York, 8 NY3d 1, 10; Brown v City of New York, 95 NY2d 389, 393; Matter of K.G. v City of New York, 186 AD3d at 1367). "Ordinarily, the courts will not delve into the merits of an action on an application for leave to serve and file a late notice of claim" (Matter of Brown v New York City Hous. Auth., 39 AD3d 744, 745; see Matter of K.G. v City of New York, 186 AD3d at 1367). However, it is an improvident exercise of discretion to grant an application where the underlying claim is patently meritless (see Matter of Catherine G. v County of Essex, 3 NY3d 175, 179; Matter of Kmiotek v Sachem Cent. Sch. Dist., 176 AD3d 1063, 1065; Matter of Ramirez v City of New York, 148 AD3d at 909; Matter of Brown v New York City Hous. Auth., 39 AD3d at 745).
Under the circumstances of this case, the Supreme Court should have denied the petition on the ground that the proposed claim is patently meritless (see Matter of Catherine G. v County of Essex, 3 NY3d at 179; Matter of K.G. v City of New York, 186 AD3d at 1367; Kmiotek v Sachem Cent. School Dist., 176 AD3d at 1065). While a police officer can assert a common-law tort cause of action against the general public pursuant to General Obligations Law § 11-106(1), [*2]"liability against a fellow officer or employer can only be based on the statutory right of action in General Municipal Law § 205-e" (Williams v City of New York, 2 NY3d 352, 363; see Gammons v City of New York, 109 AD3d 189, 193, affd 24 NY3d 562). General Municipal Law § 205-e(1) specifies that "nothing in this section shall be deemed to expand or restrict any right afforded to or limitation imposed upon an employer, an employee or his or her representative by virtue of any provisions of the workers' compensation law" (see Matter of Diegelman v City of Buffalo, 28 NY3d 231, 235; Weiner v City of New York, 19 NY3d 852, 855; McNulty v Port Wash. Police Dist., 191 AD3d 659).
Under the Workers' Compensation Law, "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ" (Workers' Compensation Law § 29[6]). Thus, the Workers' Compensation Law "offers the only remedy for injuries caused by [a] coemployee's negligence" in the course of employment (Tikhonova v Ford Motor Co., 4 NY3d 621, 624; see Workers' Compensation Law §§ 11, 29[6]). "[A] defendant, to have the protection of the exclusivity provision, must himself [or herself] have been acting within the scope of his [or her] employment and not have been engaged in a willful or intentional tort" (Maines v Cronomer Val. Fire Dept., 50 NY2d 535, 543; see Hanford v Plaza Packaging Corp., 2 NY3d 348, 351; McNulty v Port Washington Police Dist., 191 AD3d at 660; Power v Frasier, 131 AD3d 461).
Here, in support of their motion to dismiss the complaint in Matter No. 1, Knudsen and Whalen submitted evidence which demonstrated that the plaintiff was awarded workers' compensation benefits in connection with the underlying incident. The complaint in Matter No. 1 sounded in negligence and, as such, did not fall under the exception to the exclusivity provision of Workers' Compensation Law § 29 (see Pereira v St. Joseph's Cemetery, 54 AD3d 835, 837; Le Doux v City of Rochester, 162 AD2d 1049, 1049). To the extent that the proposed amended complaint in Matter No. 1 alleged that Knudsen and Whalen were not acting within the scope of their employment (see Maines v Cronomer Val. Fire Dept., 50 NY2d at 543; Hanford v Plaza Packaging Corp., 2 NY3d at 351), such causes of action were barred by the one-year statute of limitations for intentional torts (see generally Borrerro v Haks Group, Inc., 165 AD3d 1216, 1217; Ripka v County of Madison, 162 AD3d 1371, 1373; Ruggiero v Phillips, 292 AD2d 41, 44).
Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff's petition to serve a late notice of claim (see Matter of Catherine G. v County of Essex, 3 NY3d at 179). In addition, the court should have granted Knudsen and Whalen's motion pursuant to CPLR 3211(a) to dismiss the complaint in Matter No. 1 and denied the plaintiff's cross motion for leave to amend the complaint in Matter No. 1.
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court