Jones v Adams (2022 NY Slip Op 00854)





Jones v Adams


2022 NY Slip Op 00854


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-06931
 (Index No. 69297/17)

[*1]James Jones, appellant, 
v
Toby Adams, et al., respondents.


Meagher & Meagher, P.C., White Plains, NY (Christina M. Killerlane and Christopher Meagher of counsel), for appellant.
Keane & Bernheimer, PLLC, Valhalla, NY (Thomas J. Keane and Jason Bernheimer of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated May 6, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On August 10, 2017, the plaintiff was working as a security guard at the New York Botanical Gardens (hereinafter the NYBG) when he was struck by a pickup truck owned by the defendant Kaleidoscope Garden Design, LLC (hereinafter Kaleidoscope), and operated by the defendant Toby Adams (hereinafter Adams). Adams was employed by the NYBG as the Director of the Edible Academy, and at the time of the accident, he was on his way to pick up food for the NYBG's pet rabbit. The plaintiff was awarded Workers' Compensation benefits as a result of the accident. In November 2017, the plaintiff commenced this action against Kaleidoscope and Adams to recover damages for personal injuries he allegedly sustained as a result of the accident.
In January 2019, the defendants moved for summary judgment dismissing the complaint, on the ground that the exclusivity provisions of the Workers' Compensation Law barred the plaintiff's action. The plaintiff opposed the defendants' motion. By order dated May 6, 2019, the Supreme Court granted the defendants' motion. The plaintiff appeals.
Under the Workers' Compensation Law, "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ" (Workers' Compensation Law § 29[6]). Thus, the Workers' Compensation Law "offers the only remedy for injuries caused by [a] coemployee's negligence" in the course of employment (Tikhonova v Ford Motor Co., 4 NY3d 621, 624; see Workers' Compensation Law §§ 11, 29[6]). "[A] defendant, to have the protection of the exclusivity provision, must himself [or herself] have been acting within the scope of his [or her] employment and not have been engaged in a willful or intentional tort" (Maines v Cronomer Val. Fire Dept., 50 NY2d 535, 543; see Hanford v Plaza Packaging Corp., 2 NY3d 348, 351; McNulty v Port Wash. Police Dist., 191 AD3d 659, 660; Power v Frasier, 131 AD3d 461).
The defendants submitted sufficient evidence to demonstrate, as a matter of law, that, under the circumstances of this case, the exclusivity provisions of Workers' Compensation Law § 29(6) barred the plaintiff from bringing this action against them (see Zaborowski v Roman Catholic Diocese of Brooklyn, 195 AD3d 884; Power v Frasier, 131 AD3d at 462-463; Myung Sook Cho-Oh v Choi, 102 AD3d 755, 755; Feitner v Town of Smithtown, 23 AD3d 431, 432). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., CHAMBERS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court