Kingstone Ins. Co. v Barranco

2026 NY Slip Op 02639

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Kingstone Insurance Company, plaintiff,

v

Alejandro Perez Barranco, appellant-respondent, Marat Fronshtein, et al., respondents-appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2022-00623, (Index No. 521396/17)

Betsy Barros, J.P.

Paul Wooten

Laurence L. Love

Susan Quirk, JJ.

Michelstein & Ashman, PLLC, New York, NY (Richard A. Ashman and Gil Winokur of counsel), for appellant-respondent.

Westermann Sheehy Samaan & Gillespie, LLP, East Meadow, NY (Joanne Emily Bell of counsel), for respondents-appellants.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff Alejandro Perez Barranco appeals, and the defendants cross-appeal, from a judgment of the Supreme Court, Kings County (Carl J. Landicino, J.), dated January 7, 2022. The judgment, insofar as appealed from, upon an order of the same court dated November 8, 2021, inter alia, granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), is in favor of the defendants and against the plaintiff Alejandro Perez Barranco dismissing those causes of action. The judgment, insofar as cross-appealed from, brings up for review so much of the order as denied those branches of the defendants' motion which were pursuant to CPLR 3025(b) for leave to amend their answer to assert the affirmative defenses of collateral estoppel and res judicata.

ORDERED that the judgment is affirmed insofar as appealed from; and it is further,

ORDERED that the cross-appeal is dismissed as academic in light of our determination on the appeal; and it is further,

ORDERED that one bill of costs is awarded to the defendants.

On October 21, 2017, while employed by LSM Electrical Contracting, Inc. (hereinafter LSM), the plaintiff Alejandro Perez Barranco (hereinafter the injured plaintiff) allegedly was injured when he fell from a ladder while performing work on the outside wall of a one-family residence in Brooklyn owned by the defendants. The defendant Marina Fronshtein (hereinafter Marina) was married to the defendant Marat Fronshtein (hereinafter Marat), who was the owner of LSM.

In November 2017, the injured plaintiff commenced this action against the defendants, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). Thereafter, the defendants moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) and pursuant to CPLR 3025(b) for leave to [*2]amend their answer to assert the affirmative defenses of collateral estoppel and res judicata.

In an order dated November 8, 2021, the Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and denied those branches of the defendants' motion which were pursuant to CPLR 3025(b) for leave to amend their answer to assert the affirmative defenses of collateral estoppel and res judicata. On January 7, 2022, the court issued a judgment, among other things, in favor of the defendants and against the injured plaintiff dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The injured plaintiff appeals, and the defendants cross-appeal, from the judgment.

"In order for a defendant to receive the protection of the homeowner's exemption [from liability under Labor Law §§ 240(1) and 241(6)], the defendant must show that (1) the premises consisted of a one- or two-family residence, and (2) the owner did not direct or control the work being performed" (Cadena v Kupferstein, 238 AD3d 973, 974 [internal quotation marks omitted]; see Bartoo v Buell, 87 NY2d 362, 369; Walsh v Kenny, 219 AD3d 1555, 1556; Chowdhury v Rodriguez, 57 AD3d 121, 126-127). "The phrase 'direct or control' is construed strictly and refers to the situation where the owner supervises the method and manner of the work" (Hicks v Aibani, 157 AD3d 870, 871 [internal quotation marks omitted]; see Miller v Shah, 3 AD3d 521, 522).

Here, the defendants established, prima facie, that the property where the accident occurred was a one-family residence and that Marina did not supervise the method or manner of the injured plaintiff's work (see Bartoo v Buell, 87 NY2d at 367; Cadena v Kupferstein, 238 AD3d at 974; Hicks v Aibani, 157 AD3d at 871; Chowdhury v Rodriguez, 57 AD3d at 127). In opposition, the injured plaintiff failed to raise a triable issue of fact. Contrary to the injured plaintiff's contention, the defendants were not required to demonstrate that Marina "contract[ed] for" the work in order for her to receive the protection of the homeowner's exemption (see Bartoo v Buell, 87 NY2d at 367; Cadena v Kupferstein, 238 AD3d at 974; Walsh v Kenny, 219 AD3d at 1556; Chowdhury v Rodriguez, 57 AD3d at 126-127). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Marina.

"The Workers' Compensation Law 'is designed to insure that an employee injured in course of employment will be made whole and to protect a coemployee who, acting within the scope of his [or her] employment caused the injury'" (Power v Frasier, 131 AD3d 461, 462, quoting Maines v Cronomer Val. Fire Dept., Inc., 50 NY2d 535, 544). "Workers' compensation qualifies as an exclusive remedy when both the plaintiff and the defendant are acting within the scope of their employment, as coemployees, at the time of injury" (Macchirole v Giamboi, 97 NY2d 147, 150; see Maines v Cronomer Val. Fire Dept., Inc., 50 NY2d at 543; McNulty v Port Wash. Police Dist., 191 AD3d 659, 659). "Thus, the Workers' Compensation Law 'offers the only remedy for injuries caused by [a] coemployee's negligence' in the course of employment" (McNulty v Port Wash. Police Dist., 191 AD3d at 660, quoting Tikhonova v Ford Motor Co., 4 NY3d 621, 624). "[A] defendant, to have the protection of the exclusivity provision, must have been acting within the scope of employment and not have been engaged in a willful or intentional tort" (Macchirole v Giamboi, 97 NY2d at 150 [alterations and internal quotation marks omitted]; see Maines v Cronomer Val. Fire Dept., Inc., 50 NY2d at 543; McNulty v Port Wash. Police Dist., 191 AD3d at 659). "Parties are coemployees in 'all matters arising from and connected with their employment'" (Macchirole v Giamboi, 97 NY2d at 150, quoting Heritage v Van Patten, 59 NY2d 1017, 1019). Further, "coemployee status survives '[r]egardless of [the employer's] status as owner of the premises where the injury occurred'" (id., quoting Heritage v Van Patten, 59 NY2d at 1019), and thus, "a corporate principal's ownership of the premises does not negate the coemployee relationship" (id.).

Here, the defendants established, prima facie, that both Marat and the injured plaintiff were coemployees acting within the scope of their employment at the time the injured plaintiff allegedly was injured, and therefore, the claims asserted against Marat were barred by the exclusivity provisions of the Workers' Compensation Law (see id. at 151; Heritage v Van Patten, 59 NY2d at 1019; Youseff v Malik, 112 AD3d 617, 619; Roman v Ainechi, 15 AD3d 562, 562; Lozado v Felice, [*3]8 AD3d 633, 633-634; Sojka v Romeo, 293 AD2d 522, 523). In opposition, the injured plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Marat.

In light of our determination on the appeal, the cross-appeal has been rendered academic.

The parties' remaining contentions either need not be reached in light of our determination or are without merit.

BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court