■ JOSEPH MORA et al., Respondents, v SKY LIFT DISTRIBUTOR CORP., Defendant, 1200 FIFTH ASSOCIATES, LLC, et al., Appellants, and SKYLIFT CONTRACTOR CORP., Respondent. (And a Third-Party Action.) [4 NYS3d 211]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about January 21, 2014, which, to the extent appealed from as limited by the briefs, denied defendants 1200 Fifth Associates, LLC and The Chetrit Group, LLC's (collectively, 1200 Fifth) motion for summary judgment

dismissing the Labor Law § 240 (1) claim as against them, unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 21, 2014, which, upon reargument, granted defendant Skylift Contractor Corp.'s motion for summary judgment dismissing the complaint as against it, and granted plaintiffs' motion for summary judgment as against 1200 Fifth on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff Joseph Mora sustained injuries during the removal of a fan cowl cover from a cooling tower. Defendant 1200 Fifth had retained plaintiff's employer, nonparty Par Mechanical, to dismantle the old cooling tower on the roof of its building, install a new one, and dispose of the old one. Pursuant to purchase order, Par subcontracted with defendant Skylift to remove the old tower, rig the new one, and have the old tower "moved" for disposal. At the time of the accident, the cooling tower had been removed from the roof and placed on a flatbed truck. After a Par employee pushed the cover off the tower, the cover bounced off the flatbed and struck plaintiff.

The Labor Law § 200 and common-law negligence claims were correctly dismissed as against Skylift. While the purchase order is ambiguous as to whether Skylift was responsible for removing the fan cowl cover in disposing of the cooling tower, the record evidence shows that Skylift did not have "the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]). Skylift's vice president testified that it was "standard procedure" and "protocol" for Skylift to direct its customers to remove the fan cowl cover in "trim[ming]" a tower before Skylift performed its work, and plaintiff's foreman admitted that there was no disagreement between himself and Skylift about performing the task. Further, although the testimony of plaintiff and his foreman shows that Skylift asked the foreman to have the cover removed, to prevent it from hitting the traffic lights during transport, plaintiff and the other Par employees performed the task solely pursuant to their foreman's instructions. In opposition to Skylift's motion, 1200 Fifth failed to raise a triable issue of fact. We also find for the foregoing reasons that Skylift was not a statutory "agent" that had been delegated the supervision and control of the injury-producing work (*see id.* at 318; *Nascimento v Bridgehampton Constr. Corp.*, 86 AD3d 189, 192-193 [1st Dept 2011]).

The court correctly declined to dismiss the Labor Law § 240 (1) claim as against 1200 Fifth and granted plaintiff's motion for summary judgment on the issue of 1200 Fifth's liability under that statute. Contrary to 1200 Fifth's contention,

plaintiff's accident resulted from an elevation-related risk encompassed by the statute (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). Moreover, the 250-pound fan cowl cover constituted "a load that required securing for the purposes of the undertaking" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). 1200 Fifth contends that it was no longer an "owner" under the statute at the time of the accident, because the enumerated activity, the removal of the tower from its roof, had been completed at the time, and the removal of the fan cowl cover constituted a separate phase of work. We conclude, however, that removal of the fan cowl cover was not a "separate phase easily distinguishable from other parts of the larger . . . project" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881 [2003]; *see also Mutadir v 80-90 Maiden Lane Del LLC*, 110 AD3d 641, 643 [1st Dept 2013]). Concur—Mazzarelli, J.P., Friedman, Sweeny, Gische and Kapnick, JJ.