■ GILA RUBINSTEIN et al., Respondents, v 115 SPRING STREET OWNERS CORP. et al., Appellants-Respondents, and OPERA GALLERY, INC., Respondent-Appellant. [45 NYS3d 430]—

Order, Supreme Court, New York County (Robert D. Kalish, J.), entered July 28, 2015, which denied defendant Opera Gallery, Inc.'s motion for summary judgment dismissing the complaint, and, to the extent appealed from as limited by the briefs, denied defendant 115 Spring Street Company's motion for summary judgment seeking contractual indemnification against Opera Gallery, unanimously affirmed, without costs.

"A landlord is [generally not] liable for negligence with respect to the condition of [the] property after [the] transfer of possession and control to a tenant unless the landlord is either contractually obligated to make repairs or maintain the premises, or has a contractual right to reenter, inspect and make needed repairs at the tenant's expense, and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (*Babich v R.G.T. Rest. Corp.*, 75 AD3d 439, 440 [1st Dept 2010]).

Here, paragraph 4 of the lease, "Repairs," states that "Owner shall maintain and repair the public portions of the building, both exterior and interior. . . .Tenant shall, throughout the term of this lease, take good care of the demised premises and the fixtures and appurtenances therein, and the sidewalks adjacent thereto, and at its sole cost and expense, make all non-structural repairs thereto as and when needed to preserve them in good working order and condition, reasonable wear and tear, obsolescence and damage from the elements, fire or other casualty, excepted."

Testimony that the exterior stairs were exclusive to Opera Gallery established that the stairs were not a public portion of the building (*cf. Rothstein v 400 E. 54th St. Co.*, 51 AD3d 431, 431-432 [1st Dept 2008]). Nevertheless, testimony that 115 Spring Street replaced the bottom step, and did so with no charge to Opera Gallery, suggests that, in "actual practice," 115 Spring Street may have retained the duty to make inspections

and periodic repairs (*see Vushaj v Insignia Residential Group, Inc.*, 50 AD3d 393, 394 [1st Dept 2008]).

The affidavit of plaintiff's safety expert, who inspected the stairs and found a variety of defects and building code violations, particularly with regard to the absence of handrails, and the tread and riser differentials, when read in combination with plaintiff's testimony stating the stairs felt slippery, and identifying on a photograph the spot where she slipped, "was sufficient to raise triable issues as to whether defective conditions at the identified location caused plaintiff to fall" (*Rodriguez v Leggett Holdings, LLC*, 96 AD3d 555, 556 [1st Dept 2012]).

An agreement to indemnify another through insurance is enforceable as an appropriate loss allocation device, which does not implicate any statutory prohibition against indemnifying another for that party's negligence (*see Kinney v Lisk Co.*, 76 NY2d 215, 218 [1990]). The motion court correctly denied the motion as to the duty to indemnify, however, because at this juncture, absent a finding of liability, and absent an insurance policy, 115 Spring Street cannot place itself within the ambit of any additional insured endorsement procured by Opera Gallery. Concur—Friedman, J.P., Renwick, Richter, Moskowitz and Kapnick, JJ.