■ Luis Jose Martinez, Appellant, v 3801 Equity Company, LLC, Respondent, et al., Defendants. (And a Third-Party Action.) [63 NYS3d 664]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about November 19, 2015, which granted the motion of defendant landlord 3801 Equity Company, LLC (defendant) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff alleges that he was injured when he stepped into a hole located in his employer's backyard while taking out the garbage for the night. The hole had been dug in connection with ongoing construction by plaintiff's employer, the Negro

Claro Lounge, to convert its backyard into additional restaurant space. Negro Claro Lounge operated out of the premises through a verbal agreement with the lessee, third-party defendant Morales.

The subject lease provided that defendant "shall maintain and repair the public portions of the building, both interior and exterior [and that] . . . [t]enant shall, throughout the term of this lease, take good care of the demised premises . . . and at its sole cost and expense, make all non-structural repairs . . . when needed to preserve them in good working order and condition." Here, testimony established that the accident did not occur in a public portion of the building, but rather in the backyard that was exclusively controlled by plaintiff's employer, thereby not implicating an area that defendant had retained the responsibility to maintain (see Malloy v Friedland, 77 AD3d 583, 584 [1st Dept 2010]). Similarly, the evidence demonstrated that, in actual practice, defendant did nothing to show that it had the authority to maintain or repair the accident premises (cf. Rubinstein v 115 Spring St. Owners Corp., 146 AD3d 618, 618-619 [1st Dept 2017]).

Furthermore, although the lease states that defendant had the right to reenter the premises to make repairs, plaintiff has failed to show that defendant violated a specific statutory safety provision, or that the hole in which he stepped was a structural defect (see Kittay v Moskowitz, 95 AD3d 451, 451-452 [1st Dept 2012], lv denied 20 NY3d 859 [2013]; Malloy at 584).

Plaintiff's reference to an OSHA provision that was allegedly violated by defendant is unavailing, because defendant was not plaintiff's employer (see Khan v Bangla Motor & Body Shop, Inc., 27 AD3d 526, 529 [2d Dept 2006], lv dismissed 7 NY3d 864 [2006]). Concur—Friedman, J.P., Kapnick, Webber, Gesmer and Oing, JJ.