McVicker v Port Auth. of N.Y. & N.J. (2021 NY Slip Op 04087)





McVicker v Port Auth. of N.Y. & N.J.


2021 NY Slip Op 04087


Decided on June 24, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 24, 2021

Before: Gische, J.P., Webber, Oing, González, JJ. 


Index No. 28531/17 Appeal No. 14128 Case No. 2020-02696 

[*1]Michael McVicker, Plaintiff-Appellant-Respondent,
v
Port Authority of New York and New Jersey, et al., Defendants-Respondents-Appellants.


Sacks and Sacks L.L.P., New York (Scott N. Singer of counsel), for appellant-respondent.
Fabiani Cohen & Hall, LLP, New York (Allison A. Snyder of counsel), for respondents-appellants.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered May 21, 2020, which denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and denied defendants' motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims, unanimously modified, on the law, to grant plaintiff's motion, and otherwise affirmed, without costs.
The record demonstrates conclusively that Labor Law § 240(1) was violated and that the violation was the proximate cause of plaintiff's injuries. Upon completing the assembly of a cylindrical rebar column weighing approximately 1,000 pounds, plaintiff's fellow ironworkers pushed the column down a ramp from its resting position atop two sawhorses to the ground below. Plaintiff was struck by the heavy rolling column when he inadvertently walked into its path. The evidence established that the column that hit plaintiff constituted a "load that required securing," and that no appropriate safeguard, such as a hoisting device, barrier, or exclusion zone, was utilized (see Mora v Sky Lift Distrib. Corp., 126 AD3d 593, 594-595 [1st Dept 2015]; Albuquerque v City of New York, 188 AD3d 515 [1st Dept 2020]).
In view of the foregoing, defendants' arguments in support of dismissing the Labor Law § 241(6) claim are academic.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2021