Melendez v Brown-United, Inc. (2022 NY Slip Op 05600)

Melendez v Brown-United, Inc.

2022 NY Slip Op 05600

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Index No. 114296/05 Appeal No. 16347 Case No. 2021-03402 

[*1]Carlos Melendez, Plaintiff-Respondent,
v
Brown-United, Inc., et al., Defendants, Pro Sports & Entertainment, Inc., et al., Defendants-Appellants.

Eustace, Prezioso & Yapchanyk, New York (Robert M. Mazzei of counsel), for appellants.
Hach & Rose, LLP, New York (Andrew M. Laskin of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about October 6, 2020, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
Plaintiff, a laborer, was injured when he was erecting a scaffolding structure at a sports event owned, operated, and managed by defendants. At the time of plaintiff's injury, he installed a scaffolding pipe vertically on a screwjack, a base that allowed the scaffolding pipe to be adjusted vertically. The scaffolding pipe was 10 to 15 feet long and weighed 40 to 45 pounds. As plaintiff was walking away, the scaffolding pipe fell and hit him on the head.
Defendants were not entitled to summary judgment on the Labor Law § 240(1) claim because there are questions of fact as to whether the scaffolding pipe that fell on plaintiff was "a load that required securing for the purposes of the undertaking at the time it fell" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001]), given the elevation differential, the pipe's weight, and the amount of force it would generate as it fell (see Wilinski v 334 E. 92 Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]; Runner v New York Stock Exch., Inc., 13 NY3d 599, 604-605 [2009]). Although the base of the pipe may have been at the same level as plaintiff, the height differential cannot be described as de minimis given the amount of force the pipe was able to generate (Wilinski, 18 NY3d at 10). Defendants also failed to show that no protective devices were required (see id. at 11). The risk of harm was foreseeable as the contractors in charge of erecting the scaffolding admitted that a vertical scaffolding pipe would fall over if no horizontal scaffolding pipes were attached.
Defendants were also not entitled to summary judgment on the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.8(c)(1) (relating to head protection). The evidence demonstrated that the workers at the site wore hard hats, plaintiff misplaced his hard hat after his lunch break, and the scaffolding pipe hit plaintiff on the head. Moreover, there are triable issues of fact as to whether plaintiff told his supervisor that he misplaced his hard hat, and whether the supervisor told him to work without a hard hat.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022