**Gonzalez v PSD 28 Ave Realty LLC**

2025 NY Slip Op 32166(U)

June 18, 2025

Supreme Court, New York County

Docket Number: Index No. 157488/2019

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** **HON. DAVID B. COHEN** | **PART** **58** |
| *Justice* | |

---------------------------------------------------------------------X

KEVIN GONZALEZ,

               Plaintiff,

        - v -

PSD 28 AVE REALTY LLC, ULMA FORM-WORKS,
INC.,FOR SURE TRUCKING LLC,

               Defendant.

---------------------------------------------------------------------X

ULMA FORM-WORKS, INC.

               Plaintiff,

        -against-

SAL D'AMICO CONSTRUCTION, INC.

               Defendant.

---------------------------------------------------------------------X

PSD 28 AVE REALTY LLC

               Plaintiff,

        -against-

FOR SURE TRUCKING LLC

               Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157488/2019 |
| **MOTION DATE** | 04/17/2024 |
| **MOTION SEQ. NO.** | 002 003 004 005 |

### DECISION + ORDER ON MOTION

Third-Party
Index No. 595023/2020

Second Third-Party
Index No. 596007/2020

The following e-filed documents, listed by NYSCEF document number (Motion 002) 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 183, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 212, 213, 214, 215, 216, 217, 218, 230, 231, 232, 233, 234

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER   .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 180, 181, 182, 184, 200, 201, 228

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER   .

157488/2019 GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC
Motion No. 002 003 004 005

Page 1 of 26

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 004) 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 177, 178, 179, 185, 197, 198, 199, 202, 203, 204, 205, 206, 219, 220, 221, 222, 223, 224, 225, 226, 227

were read on this motion to/for          _____ SUMMARY JUDGMENT(AFTER JOINDER _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 186, 207, 208, 209, 210, 211, 229

were read on this motion to/for          _____ SUMMARY JUDGMENT(AFTER JOINDER _____ .

Motion sequence numbers 002, 003, 004 and 005 are hereby consolidated for disposition.

This is an action to recover damages for personal injuries allegedly sustained by plaintiff construction worker on August 16, 2018, when, while loading wooden formwork on a flatbed truck at a construction site located at 36-08 28th Avenue, Queens, New York (the Premises), the loaded formwork shifted, causing him to fall from the flatbed. The formwork then fell from the flatbed truck and landed on top of him.

In motion sequence number 002, plaintiff moves, pursuant to CPLR 3212, for summary judgment in his favor as to liability on his Labor Law § 240 (1) claim as against defendant/second third-party plaintiff PSD 28 Ave Realty LLC (PSD), and on his common-law negligence claims as against defendant/third-party plaintiff Ulma Form-Works, Inc. (Ulma) and defendant/second third-party defendant For Sure Trucking LLC (For Sure); and for summary judgment dismissing PSD's workers' compensation affirmative defenses.

In motion sequence number 003, Ulma moves, pursuant to CPLR 3212, for summary judgment dismissing the complaint as against it.

In motion sequence number 004, For Sure moves, pursuant to CPLR 3212, for summary judgment dismissing the complaint and all cross-claims against it, and for summary judgment in its favor on its common-law indemnification cross-claim against Ulma.

In motion sequence number 005, PSD moves, pursuant to CPLR 3212, for summary judgment dismissing the complaint and all cross-claims against it.

## BACKGROUND

On the day of the accident, PSD owned the Premises, and it had hired third-party defendant Sal D'Amico Construction, Inc. (SDC) to provide general contractor services for a project at the Premises that entailed the construction of a residential apartment building (the Project). Non-party Salvatore D'Amico (D'Amico) owns both PSD and SDC. SDC rented formwork and shoring materials for the Project from Ulma (the Formwork). Ulma transported the Formwork to the Premises via a flatbed truck provided by For Sure. Plaintiff was employed by SDC.

### Plaintiff's Deposition Testimony (NYSCEF Doc. No. 103)

Plaintiff testified that on the day of the accident, he was employed by SDC as a laborer. D'Amico was plaintiff's supervisor (*id.* at 68), and SDC provided plaintiff with his personal protective equipment and tools (*id.* at 56-57).

On the day of the accident, the superstructure was complete (*id.* at 96), and the wooden Formwork had been stripped. D'Amico directed plaintiff and a coworker to put "wood that the company no longer needed", the Formwork, onto a flatbed truck (the Truck) to be hauled away (*id.* at 96). There was no forklift or crane at the worksite to help lift the wood onto the Truck (*id.* at 114).

On the day of the accident, the Truck was parked on the street in front of the Premises, turned off (*id.* at 113, 203). The side of the Truck facing the street had three wooden poles sticking up "[s]o the wood wouldn't fall to the street" (*id.* at 129). There were no poles on the

**157488/2019  GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC**
**Motion No.  002 003 004 005**

Page 3 of 26

3 of 26

[* 3]

side of the Truck facing the Premises (*id.* at 131). Prior to the accident, the Truck was not moving (*id.* at 203).

At the time of the accident, plaintiff was standing "on top of the truck" (*id.* at 98), "[f]itting the wood on top of itself" (*id.* at 107). The wood consisted of "wooden beams" (*id.* at 108), ranging from eight- to 18-feet long. D'Amico instructed plaintiff on how to stack the beams on the Truck (*id.* at 113-114), but SDC did not provide anything to tie the beams together (*id.* at 118). The Truck's driver did not provide plaintiff with any instructions (*id.* at 112).

Immediately before the accident, plaintiff was on the Truck, facing the Premises, "about to take a beam" from a coworker on the ground level (*id.* at 145). Another coworker, "Milton," was behind him, on top of a stack of beams that already had been loaded on the Truck (*id.* at 148). The stack of beams was "about five to six" feet high (*id.* at 121). As plaintiff was about to receive a beam, the stack of beams that Milton stood on "came loose" and "knocked [plaintiff] down and fell on top of [him]" (*id.* at 148). He ended up "trapped under the wood" (*id.* at 150).

Plaintiff testified that the Truck's driver witnessed the accident (*id.* at 112), as well as Milton and another coworker (*id.* at 231). D'Amico was present at the accident location, but plaintiff did not know if D'Amico witnessed the accident (*id.* at 241).

### Deposition Testimony of D'Amico (NYSCEF Doc. No. 104, 105, 106)

D'Amico testified that on the day of the accident, he was the owner and president of SDC, (D'Amico tr at 13), and also a co-owner of PSD, and its president (*id.* at 29, 30). D'Amico's wife is the other owner of PSD (*id.* at 29). PSD was created in 2017 for the purpose of owning the Premises (*id.* at 32, 41).

D'Amico testified that SDC and PSD maintain separate bank accounts at different banks (*id.* at 47), and that the two companies "are separate" and operated as distinct entities (*id.* at 52;

**157488/2019  GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC**
**Motion No.  002 003 004 005**

**Page 4 of 26**

63 [SDC "is a construction company. PSD is owner of the building, two different things"]). PSD operates the Premises as a residential rental building (*id.* at 71), while SDC is not involved in the operation (*id.* at 72).

D'Amico testified that he acted as the superintendent for the Project (*id.* at 91), and directed and supervised SDC employees (*id.* at 93). To construct the Premises' concrete structure, SDC used wooden Formwork that it rented from Ulma (*id.* at 111). After being shown a copy of a contract between SDC and Ulma, D'Amico confirmed his understanding that SDC was responsible for loading and unloading equipment from the truck (D'Amico third tr. at 104).

D'Amico recalled that when Ulma sent the equipment to the Premises, SDC used a Bobcat forklift to unload the Truck (*id.* at 82). The truck driver "didn't do anything" that day (*id.* at 99), except to loosen the straps holding down the entire load (*id.* at 100).

On the day of the accident, Ulma was scheduled to pick up the Formwork (*id.* at 49), and sent the Truck to the Premises for that purpose. That day, the Bobcat could not be used because a sidewalk shed prevented its use (*id.* at 110). Instead, SDC workers "had to do it by hand to put it up" on the Truck (*id.* at 82).

D'Amico testified that the Truck's driver would direct the loading of the Truck (*id.* at 68 ["the driver would tell us what we needed to do"]; 128 ["He told us where to put the material"]). Plaintiff was one of the workers responsible for loading the Truck (*id.* at 106), and D'Amico supervised his workers while they were loading the Truck (*id.* at 109), including directing plaintiff to stand on the Truck (*id.* at 126).

D'Amico testified that on the accident date, the Truck's driver moved the Truck forward or backwards, approximately four times, to give access to different portions of the flatbed (*id.* at

157488/2019  GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC                    Page 5 of 26
Motion No. 002 003 004 005

5 of 26

133), including right before plaintiff's accident (*id.* at 140-141). D'Amico did not direct the driver to move the Truck (D'Amico third tr. at 18).

D'Amico further testified that he personally "saw the truck moving" right before "the wooden forms fell" (D'Amico second tr at 140-141), approximately "two to three feet" (D'Amico's third tr. at 135). He saw plaintiff jump from the flatbed to avoid the falling Formwork, but "a few of the wooden forms fell on top of him" (D'Amico's second tr. at 141). He believed that the Formwork fell because the truck moved (*id.* at 142).

At his third deposition, D'Amico testified that he directed SDC's workers to place the vertical wooden posts on the street side of the flatbed, in order to stabilize the load and prevent it from falling into the street (D'Amico third tr. at 12). He did not direct SDC workers to place wooden posts on the sidewalk side of the flatbed (*id.* at 14).

D'Amico also testified that SDC had returned materials to Ulma previously and had never had any issues with loading the trucks (*id.* at 44-45), and Ulma had not complained to SDC about how the trucks were loaded (*id.* at 45, 51).

### *Deposition Testimony of Arnando Santos (For Sure's Driver) (NYSCEF Doc. No. 107)*

Arnando Santos testified that on the day of the accident, he was the driver of For Sure's Truck at the Premises, and his duties included transporting loads of goods, and securing and unsecuring the loads before and after transit (Santos tr at 13).

When Santos began working for For Sure, he was trained on how to secure loads, but nothing else (*id.* at 28). He never received any instruction from Ulma (*id.* at 31).

Santos would retrieve materials from construction sites and return them to Ulma's New Jersey warehouses. Typically, the companies at the sites would re-bundle the materials before loading them onto For Sure's trucks, though loading un-bundled materials did happen a "very

**157488/2019  GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC**                    **Page 6 of 26**
**Motion No.  002 003 004 005**

6 of 26

few times" (*id.* at 35). Some companies did not have "metal straps" to bundle the materials (*id.* at 86).

On the day of the accident, Santos was scheduled to pick up materials from the Premises. Once he arrived, he parked the truck and remained seated in it (*id.* at 51). He noticed that the workers were loading individual pieces of material, rather than bundles (*id.* at 52), and that there was "no space for a Bobcat" because the site "was too small" (*id.* at 52). Once the Truck was fully loaded, he planned to use canvas straps attached to the Truck to secure the load for transport (*id.* at 56).

Santos did not speak to anyone about how to load the Truck (*id.* at 53), nor did he direct anyone (*id.* at 85). Santos denied moving the Truck during SDC's loading operation; rather, after he arrived, he parked it, engaged the parking brakes, and turned off the engine (*id.* at 70-71). The Truck never moved after that (*id.* at 140), and it was turned off the entire time (*id.* at 144).

Santos did not witness the accident, but heard it happen, and when he got out of the Truck's cab, he saw "wood on top of [plaintiff]" (*id.* at 71). Plaintiff was "completely under the wood" (*id.* at 74), and Santos helped remove it.

### *Deposition Testimony of Frank Deluccia (Ulma's Sales Account Manager) (NYSCEF Doc. No. 108)*

Frank Deluccia testified that on the day of the accident, he was a sales account manager for Ulma, a rental supply company specializing in concrete forming and shoring equipment (*id.* at 120). Deluccia's duties included drafting proposals for clients and "making sure the materials get to the site" (Deluccia tr at 10). Ulma does not deliver the materials or equipment. Rather, "trucking vendors" delivered and returned materials (*id.* at 12). For the Project, the vendor used was For Sure, which picked up the materials from the Premises (*id.* at 64).

157488/2019   GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC
Motion No.  002 003 004 005
Page 7 of 26

7 of 26

Ulma entered into an agreement with SDC for rental forming and shoring equipment (the Agreement (*id.* at 15). Prior to entering into the Agreement, Deluccia went to the Premises with a copy of the Agreement and went over it with D'Amico. He confirmed that they went over all 11 pages of the Agreement (*id.* at 26, 31). He also confirmed that the Agreement stated that "customer must provide own means of loading and unloading equipment" (*id.* at 38).

Ulma loaded its material by forklift, but did not control how clients removed or loaded materials (*id.* at 42 ["Not all customers have the forklift on site. They would take it off by hand"]). Ulma did not discuss unloading or loading materials with SDC (*id.* at 43). Deluccia was unaware of any document Ulma would provide regarding how to load or unload materials (*id.* at 44).

Ulma does not provide trucks with hoists or booms, as it uses "independent vendors" who "don't provide them" (*id.* at 49). Any client can provide its own truck with a hoist if it wants to use one (*id.* at 49 ["They have the option to do it on their own, we do not do it"]). Ulma never sent an employee to oversee loading or unloading at the Premises (*id.* at 61).

Deluccia was shown a copy of the Agreement and confirmed that it contains a provision requiring SDC to use Ulma's equipment "according to generally approved industry practices and according to instructions provided by [Ulma]" (*id.* at 58). Deluccia was shown a copy of an email referencing Ulma's product guide and forming and shoring general safety rules (*id.* at 81-82), and testified that these documents were typically sent to customers prior to delivery of the equipment and materials (*id.* at 79). He did not know whether these documents were provided to SDC (*id.* at 83), but typically "the drawings [and] user guide" are "sent on the truck. On the first load" (*id.* at 145). While none of these documents would relate to how to stack materials on the Truck (*id.* at 147), there was a "pictorial" depicting how to properly bundle equipment (*id.* at

157488/2019 GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC
Motion No. 002 003 004 005
Page 8 of 26

8 of 26

[* 8]

167). Deluccia did not know whether SDC received the pictorial. He confirmed that SDC did not receive any other instruction from Ulma on how to load the Truck and noted that D'Amico never asked for instruction (*id.* at 207).

After the accident, Deluccia received an email from an Ulma coworker discussing the way that SDC had loaded the truck, and indicating that the Truck was loaded dangerously (*id.* at 115). It also indicated that SDC has returned a truck previously that was in "poor loading conditions" (*id.* at 116).

No one informed Deluccia that For Sure's driver had moved the Truck while it was in the process of being loaded (*id.* at 188).

### *Deposition Testimony of Kevin Growney (Ulma's Warehouse Manager) (NYSCEF 171)*

Keven Growney testified that on the day of the accident, he was employed by Ulma as a warehouse manager (Growney tr at 8), and his duties included coordinating daily activities at an Ulma warehouse, logistics and safety training. He supervised Ulma's loading of trucks at Ulma's warehouse (*id.* at 19).

Ulma did not have any written guidelines for loading trucks (*id.* at 20, 25), but they had a standard operating procedure (*id.* at 22), which included bundling materials together with "steel strapping" before loading the material onto the truck (*id.* at 24). Once loaded onto the truck, the truck's driver was responsible "to strap it down" (*id.* at 28).

Growney was unaware of any practice where Ulma told its customers how to bundle or package materials for return (*id.* at 32, 41), or of any "pictorial type guidelines for procedures for loading trucks" (*id.* at 40).

Growney saw the Truck once it was returned to Ulma after plaintiff's accident, and he recalled that it was improperly loaded, such that "when the truck driver removes the straps it's

157488/2019  GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC
Page 9 of 26
Motion No.  002 003 004 005

[* 9]
9 of 26

going to fall" (*id.* at 48, 81 [answering "yes" to the question of whether the load was unsafe]). To prevent that, Ulma workers braced the materials and then safely removed the items (*id.* at 80).

Growney was shown a series of internal Ulma emails, one of which he wrote. In his email, Growney noted that "[t]his is the second return we have gotten from [SDC] in such poor loading condition" (*id.* at 48). According to Growney, For Sure's drivers were responsible for making sure that the Truck was safely loaded (*id.* at 85). Growney was unaware of whether Ulma ever instructed For Sure on any safety rules for loading trucks (*id.* 93).

Growney further testified that he believed For Sure was responsible for securing their trucks because "they have to comply with any DOT regulations" for moving heavy loads on public roads (*id.* at 172-173).

### Expert Affirmation of Richard W. Carr, Ph.D, CDS (Plaintiff's Expert) (NYSCEF Doc. No. 94)

Richard Carr affirmed that he is a truck industry safety expert and a certified director of safety (Carr Aff., ¶ 1; NYSCEF Doc. No. 94), and opined that Ulma violated industry safety standards by failing to communicate procedures to For Sure and SDC for securing truck loads, and safety guidelines for loading trucks (*id.*, ¶ 13[a]). He also opined that Ulma violated safety standards by failing to verify that SDC had a forklift (*id.*, ¶ 13[b]), and as it knew that SDC had previously returned equipment to Ulma in an unsafe manner (*id.*, ¶ 13[c]).

As to For Sure, Carr opined that it violated safety standards as well as several sections of the Federal Motor Carrier Safety Act (FMCSA) by failing to properly train and supervise its driver (*id.*, ¶ 14[b] and [c]), and to use appropriate safety devices during the Truck's loading (*id.*, ¶ 14[e]). He further opined that Santos violated the FMCSA by failing to supervise the loading operation (*id.*, ¶ 15 [a through e]).

157488/2019 GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC Page 10 of 26
Motion No. 002 003 004 005

[* 10]                                                     10 of 26

***Expert Affirmation of Brooks Rugemer, CDS (For Sure's Expert) (NYSCEF Doc. No. 188)***

Brooks Rugemer affirmed that he is a commercial trucking safety specialist and certified director of safety (Rugemer aff, ¶ 1-3), and opined that For Sure did not violate the FMCSA or any industry standard (*id.*, ¶ 13-14). He also opined that there is no federal requirement or standard that places a duty on the driver of a flatbed truck to oversee its loading (*id.*, ¶ 15). He further opined that the FMCSA sections cited by Carr are inapplicable (*id.*, ¶ 15-17), as the FMCSA only governs vehicles in transit, while OSHA governs parked vehicles, such as the Truck during loading (*id.*, ¶ 20). Relying on plaintiff's and Santos's testimony that the truck never moved during the loading process, Rugemer opined that only OSHA applies (*id.*, ¶ 28). He further opined that For Sure cannot be liable for any OSHA violations, as it was not plaintiff's employer or an entity responsible for safety at the Project (*id.*, ¶ 21).

Finally, Rugemer reviewed the FMCSA provisions relied upon by Carr and opined that each one is inapplicable for various reasons (*id.*, ¶¶ 28-36).

## DISCUSSION

"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Pullman v Silverman,* 28 NY3d 1060, 1062 [internal quotation marks and citations omitted] [2016]). Once prima facie entitlement has been established, in order to defeat the motion, the opposing party must "'assemble, lay bare, and reveal his [or her] proofs in order to show his [or her] defenses are real and capable of being established on trial . . . and it is insufficient to merely set forth averments of factual or legal conclusions'" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014], quoting

157488/2019 GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC Page 11 of 26
Motion No. 002 003 004 005

[* 11] 11 of 26

*Schiraldi v U.S. Min. Prods.*, 194 AD2d 482, 483 [1st Dept 1993]). "Summary judgment must be denied where there is any doubt as to the existence of a triable issue . . . or where the issue is arguable" (*Genesis Merchant Partners, L.P. v Gilbride, Tusa, Last & Spellane, LLC*, 157 AD3d 479, 482 [1st Dept 2018] [internal quotation marks and citations omitted]).

### *Preliminary Issues*

*The application of Workers Compensation Law §§ 11 and 29(6) to PSD*
*(Motion Sequence Numbers 002 and 005)*

Plaintiff moves for dismissal of PSD's 23rd and 24th affirmative defenses related to the applicability of the Workers' Compensation Law's (WCL) exclusive remedy to plaintiff's accident. PSD moves, relying on those affirmative defenses, for summary judgment dismissing the complaint against them on the ground that WCL §§ 11 and 29(6) prevent plaintiff from pursuing recovery as against it.

Under WCL § 11, "[a]n employer's liability for an on-the-job injury is generally limited to workers' compensation benefits, [except] when an employee suffers a 'grave injury' the employer also may be liable to third parties for indemnification or contribution" (*Rubeis v Aqua Club, Inc.,* 3 NY3d 408, 412-413 [2004]). It is undisputed that no grave injury is alleged here.

Pursuant to WCL § 29 (6), "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ."

PSD argues that the WCL is plaintiff's exclusive remedy as against both SDC and PSD as, functionally, PSD is plaintiff's employer because plaintiff and D'Amico are co-employees of SDC and, simultaneously, D'Amico is a principal of PSD, which owns the Premises (*see Macchirole v Giamboi*, 97 NY2d 147, 150 [2001] ["Workers' compensation qualifies as an exclusive remedy when both the plaintiff and the defendant are acting within the scope of their

157488/2019  GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC    Page 12 of 26
Motion No.  002 003 004 005

12 of 26

[* 12]

employment, as coemployees, at the time of injury . . . .Furthermore, coemployee status survives '[r]egardless of [the employer's] status as owner of the premises where the injury occurred'"]).

Here, it is undisputed that plaintiff and D'Amico were acting a coemployees at the time of the injury – D'Amico was plaintiff's supervisor at SDC and gave him directions on his work at the premises. In *Flood v Berk*, the Appellate Division, First Department, held that where the individual defendant signed the plaintiff's paychecks and gave him orders, and that defendant was also the principal or sole shareholder of the school which employed the plaintiff, the plaintiff and the defendant were co-employees, and thus the plaintiff's claims against the defendant were barred by the WCL (301 AD2d 361 [1st Dept 2003]).

The *Flood* court relied on *Heritage v Van Patten*, 59 NY2d 1017 (1983), in which the Court held that the WCL barred the plaintiff's claim against his co-employee, who was also the landowner.

However, in both of those cases and other similar ones, the co-employee was a personally-named defendant in the lawsuit, and the plaintiff's claims were dismissed as against the co-employee only. Thus, in *Ortega v 669 Meeker Ave., LLC*, the Appellate Division, Second Department, held that the corporate entity could not rely on its WCL exclusivity defense as the defense protects an "owner" from suit, but the entity itself was not an owner, officer, or other employee of the plaintiff's employer (191 AD3d 686 [2d Dept 2021]; *see also Derosas v Rosmarins Land Holdings, LLC*, 148 AD3d 988 [2d Dept 2017] [while claims against individual defendant properly dismissed as he and plaintiff were co-employees, claims against defendant LLC were dismissed based only on analysis of Labor Law]; *Masley v Herlew Realty Corp.*, 45 AD3d 653 [2d Dept 2007] [denying dismissal against defendant LLC as LLC was not officer of plaintiff's employer and was thus not plaintiff's co-employee]).

PSD's reliance on *Di Rie v Automotive Realty Corp.* is misplaced, as there was no discussion in that case about co-employees, and instead the issue was whether two defendants were alter egos (199 AD2d 98 [1st Dept 1993]).

Here, D'Amico is not a personally-named defendant; rather, plaintiff sued PSD. Therefore, whether or not D'Amico was plaintiff's co-employee is irrelevant. Moreover, as PSD specifically limited its WCL defense to that issue (NYSCEF 229), it fails to establish that it is entitled to dismissal of plaintiff's claims against it on that basis, and plaintiff demonstrates that he is entitled to dismissal of PSD's WCL affirmative defenses (23 and 24).

### *Plaintiff's Labor Law § 241(6) Claims Against Ulma, For Sure and PSD*
### *(Motion Sequence Numbers 003, 004, 005)*

As plaintiff does not oppose or otherwise address his Labor Law § 241(6) claims, or any of the alleged Industrial Code violations, they are deemed abandoned (*Kempisty v 246 Spring St., LLC*, 92 AD3d 474, 475 [1st Dept 2012] ["Where a defendant so moves, it is appropriate to find that a plaintiff who fails to respond to allegations that a certain section is inapplicable or was not violated be deemed to abandon reliance on that particular Industrial Code section"]).

Accordingly, Ulma, For Sure and PSD are entitled to summary judgment dismissing the Labor Law § 241(6) claims against them.

### *The Labor Law § 240(1) Claims Against Ulma, For Sure and PSD*
### *(Motion Sequence Numbers 002, 003, 004, 005)*

Plaintiff moves for summary judgment in his favor on his Labor Law § 240(1) claim as against PSD, and For Sure, Ulma and PSD each move for summary judgment dismissing the claim as against them.

Labor Law § 240(1), known as the Scaffold Law, provides as relevant:

> All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a

**157488/2019  GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC**                    **Page 14 of 26**
**Motion No.  002 003 004 005**

14 of 26

building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Labor Law § 240(1) "imposes a nondelegable duty on owners and contractors to provide devices which shall be so constructed, placed and operated as to give proper protection to those individuals performing the work" (*Quiroz v Memorial Hosp. for Cancer & Allied Diseases*, 202 AD3d 601, 604 [1st Dept 2022] [internal quotation marks and citations omitted]). It "'was designed to prevent those types of accidents in which the scaffold . . . or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (*John v Baharestani*, 281 AD2d 114, 118 [1st Dept 2001], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

The absolute liability found within section 240 "is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*O'Brien v Port Auth. of N.Y. & N.J.*, 29 NY3d 27, 33 [2017] [internal quotation marks and citation omitted]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). Therefore, section 240(1) "does not cover the type of ordinary and usual peril to which a worker is commonly exposed at a construction site" (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 267 [1st Dept 2007]). In order to prevail on a Labor Law § 240(1) claim, a plaintiff must establish that the statute was violated, and that this violation was a proximate cause of the plaintiff's injuries (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]).

[* 15]

*For Sure*

For Sure argues that it is not a proper Labor Law defendant as it is not an owner, contractor or agent of either, such that it can be held vicariously liable for plaintiff's injuries under Labor Law § 240(1).

> Although sections 240 and 241 now make nondelegable the duty of an owner or general contractor to conform to the requirement of those sections, the duties themselves may in fact be delegated. When the work giving rise to these duties has been delegated to a third party, that third party then obtains the concomitant authority to supervise and control that work and becomes a statutory 'agent' of the owner or general contractor. Only upon obtaining the authority to supervise and control does the third party fall within the class of those having nondelegable liability as an 'agent' under sections 240 and 241.

(*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981] [internal citations omitted]). Accordingly, for a party to be "vicariously liable as an agent of the property owner for injuries sustained under the statute," it must have "had the ability to control the activity which brought about the injury" (*Walls v Turner Constr. Co.,* 4 NY3d 861, 863-864 [2005]).

For Sure argues that, as the trucking company hired to haul equipment from the Premises to Ulma warehouse, it had no authority to direct, supervise or control any work on the Project, nor was it delegated the authority to supervise or control the loading of the Truck.

In opposition, plaintiff argues that questions of fact exist as to whether For Sure had the authority to supervise the loading of the Truck, and whether Santos, For Sure's driver, actually directed the loading of the Truck.

Here, the principal question is whether SDC or PSD delegated to For Sure the authority to supervise and direct the Truck's loading operations. It is undisputed that there was no contractual relationship between SDC and For Sure, nor any documentation establishing that SDC or PSD delegated any loading duties to For Sure.

157488/2019  GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC          Page 16 of 26
Motion No.  002 003 004 005

16 of 26

While there is testimony that a flatbed driver should assist with or direct the loading of a truck, there is no evidence that such assistance would constitute the type of delegation of authority necessary to establish a statutory responsibility for the safety of workers loading the Truck (*see Brownell v Blue Seal Feeds, Inc.*, 89 AD3d 623 [4th Dept 2011] [no evidence that contractor, which was responsible for fabricating and delivering rebar to site, exercised authority or control over site or work giving rise to plaintiff's injuries]).

While D'Amico's testimony that Santos "would tell us what we needed to do" (D'Amico tr at 68) and that "[h]e told us where to put the material" (*id.* at 128) may serve as a basis for a claim sounding in common-law negligence (discussed *infra*), it does not establish that PSD or SDC delegated to For Sure the responsibility for loading the Truck such that For Sure became an agent for the purposes of the Labor Law (*Russin*, 54 NY2d at 317).

Accordingly, as For Sure demonstrates that it is not a statutory agent of any owner or contractor, it is not a proper Labor Law defendant, and therefore plaintiff's Labor Law § 240(1) claim as against it is dismissed.

*Ulma*

As plaintiff does not oppose dismissal of his Labor Law § 240(1) claim as against Ulma, it is dismissed.

*PSD*

When an injury stems from a falling object, as it did here, the plaintiff must demonstrate that the object that fell was in the process of being hoisted or secured at the time of the accident, or that it was "'a load that required securing for the purposes of the undertaking at the time that it fell'" (*Melendez v Brown-United, Inc.*, 209 AD3d 437, 438 [1st Dept 2022], quoting *Narducci v*

*Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see also Mora v Sky Lift Distrib. Corp.*, 126 AD3d 593, 595 [1st Dept 2015]).

Here, it is undisputed that plaintiff fell from the Truck due to Formwork, which was not secured in a manner that prevented it from becoming unstable or falling from the flatbed. Unsecured stacks of wood laying on flatbed trucks have been found to constitute elevation-related hazards for the purpose of section 240(1) (*Fontaine v Juniper Assoc.*, 67 AD3d 608, 609 [1st Dept 2009] ["The lumber, stacked at heights above plaintiff's head . . . involved an elevation-related risk within the meaning of the statute"]).

Given the foregoing, plaintiff has established that the Formwork on the Truck was an object that needed securing for the purpose of the undertaking, i.e. the safe loading of the Truck. As it is undisputed that there were no safety devices present to secure the already-loaded materials during the loading operation, nor any safety devices to prevent their fall, plaintiff has established prima facie entitlement to summary judgment in his favor on the Labor Law § 240(1) claim as against PSD.

In opposition, PSD argues that because the loading work was ongoing, securing the Formwork that had already been loaded would be counter to the ongoing work of loading the truck (*see e.g. Ragubir v Gibraltar Mgt. Co., Inc.*, 146 AD3d 563, 564 [1st Dept 2017] [where the use of a safety device "would defeat or be contrary to the purpose of the work, however, no liability will attach for the failure to provide such a device"]). In response, plaintiff's expert opines that the Formwork could have been safely secured "into stable bundles" during the loading operation.

157488/2019 GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC
Motion No. 002 003 004 005

Page 18 of 26

[* 18]

In reply thereto, PSD does not provide an expert's affirmation in support of its position, nor in response to Carr's opinion. Further, PSD offers no explanation as to why devices could not have been provided to stabilize or otherwise secure the Formwork while loading the Truck.

Finally, PSD argues that a question of fact on proximate causation exists because the Truck allegedly moved immediately before the accident. However, even if the alleged movement of the Truck may be a proximate cause of the accident, such a determination would not raise a question of fact as to PSD's liability, as there may be more than one proximate cause of an injury. Here, the failure to secure the Formwork and the alleged movement of the truck may both be proximate causes of the accident (*see e.g., Kull v Ahern Rentals, Inc.*, 219 AD3d 1224 [1st Dept 2023] [even if plaintiff's coworker proximately caused plaintiff's injury, contractor may still be held liable as there may be more than one proximate cause of an injury]; *Wiscovitch v Lend Lease [U.S.] Constr. LMB Inc.*, 157 AD3d 576 [1st Dept 2018] [even if substance on floor was proximate cause of accident, lack of safety device could also be proximate cause, as there may be more than one proximate cause of workplace accident]).

Given the foregoing, plaintiff is entitled to summary judgment in his favor on his Labor Law § 240(1) claim as against PSD, and PSD is not entitled to summary judgment dismissing it.

### *Common-Law Negligence and Labor Law § 200 Claims Against PSD, Ulma and For Sure (Motion Sequence Numbers 002, 003, 004, 005)*

As an initial matter, plaintiff does not oppose the dismissal of his Labor Law § 200 claims, nor dismissal of his common-law negligence claim against PSD, instead focusing on his common-law negligence claims against Ulma and For Sure. Accordingly, plaintiff's Labor Law § 200 claims against PSD, Ulma and For Sure are dismissed, as is his common-law negligence claim against PSD.

157488/2019   GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC
Motion No.  002 003 004 005

Page 19 of 26

*Ulma*

Plaintiff's common-law negligence claim against Ulma is premised on Ulma's purported failure to educate or train SDC in the proper procedures for loading Ulma's materials and equipment on a flatbed truck, and its failure to ascertain whether SDC had a forklift on site to facilitate loading the Truck.

Plaintiff, however, does not sufficiently identify a duty Ulma had to plaintiff, or a duty to inform SDC about procedures for loading materials on the Truck, nor does plaintiff establish that Ulma's practices in its own warehouses are somehow attributable to any other entity such that negligence would attach. Plaintiff thus fails to establish that Ulma may be held liable to him for common-law negligence.

As to Ulma's motion, it argues that, as the equipment/material provider, it was not responsible for any of the work performed at the Project, including the use of its leased equipment and materials, and the loading of the subject Truck at the Premises. In opposition, plaintiff fails to raise a question of fact as to the existence of any duty Ulma owed to plaintiff or Ulma's responsibility for the work at issue.

For the first time, in its opposition to Ulma's motion, plaintiff raises a claim of negligent entrustment. Notably, plaintiff does not raise this theory in his own motion, nor does he seek leave to add this theory of recovery to his complaint or bill of particulars, and does not explain his delay in only raising it now. Accordingly, the new claim is not considered (*see Bennett v State Farm Fire & Cas. Co.*, 181 AD3d 779 [2d Dept 2020] [while plaintiff may oppose summary judgment by relying on unpleaded claim, protracted delay in presenting new claim warrants its rejection]).

[* 20]

Therefore, Ulma is entitled to summary judgment dismissing the common-law negligence claim against it; and plaintiff is not entitled to summary judgment in his favor on the same claim.

*For Sure*

Plaintiff moves for summary judgment in his favor on his negligence claim against For Sure on the ground that For Sure violated several FMCSA provisions governing the operation of commercial trucks and training of truck drivers.

For Sure argues that it is entitled to summary dismissal of the claim because the FMCSA does not apply to the subject accident and there is no evidence that establishes that For Sure's alleged violations caused or contributed to the accident, such that it could be found liable in negligence.

*The alleged FMCSA violations*

Violations of regulations may constitute some evidence of negligence (*see e.g. Long v Forest-Fehlhaber*, 55 NY2d 154, 159 [1982] [a violation of an administrative regulation . . . is simply some evidence of negligence"]). Regulations promulgated by the FMCSA have been adopted in New York (*see e.g. Owner Operator Ind. Drivers Assn., Inc. v New York State Dept. of Transportation*, 40 NY3d 55, 58 [2023]).

As an initial matter, there is a dispute as to whether the FMCSA applies when a commercial truck is parked and loading/unloading operations are underway. Plaintiff's expert opines that the FMCSA applies to any commercial truck that performs interstate activities (such as the Truck, which transports materials from New York to New Jersey), even parked trucks undergoing loading/unloading operations. For Sure's expert opines that the FMCSA only applies to commercial trucks that are in transit while OSHA applies to loading/unloading operations.

157488/2019 GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC Page 21 of 26
Motion No. 002 003 004 005

21 of 26

[* 21]

To that end, OSHA section 4 governs the interplay between OSHA and other federal statutes, and provides, as relevant, that "nothing in this Act shall apply to working conditions of employees with respect to which other Federal agencies . . . exercise statutory authority to prescribe or enforce standards or regulations affecting occupational safety or health."

For Sure's expert's opinion that the FMCSA does not apply to the instant action is supported by several documents, including a printout of the United States's Department of Labor's OSHA webpage entitled "Loading and unloading" which states that "OSHA has authority over off-highway loading and unloading" (Rugemer supplemental aff, exhibit P, at 3). Also submitted is a printout of an article from the industry journal "Occupational Health & Safety" which provides that "OSHA generally has jurisdiction over 'off highway' loading and unloading" (*id.* at 2). Finally, a printout of a webpage for a Department of Transportation (DOT) consulting firm named Transportation Safety Services reflects that "[w]hile traveling on public highways, the DOT has jurisdiction. However, while loading and unloading trucks, OSHA regulations govern the safety and health of the workers and the responsibilities of employers to ensure their safety . . . at the construction site" (*id.* at 8).

Plaintiff's expert supports his opinion that the FMCSA applies by providing a copy of a driver training handbook, but it does not address the applicability of the FMCSA or the interplay between the FMCSA and OSHA.

Here, For Sure's expert opinion that OSHA, not the FMCSA, governs the loading of trucks is supported by industry documentation and evidence of industry standards sufficient to substantiate his opinion with respect to plaintiff's accident, while plaintiff's expert's opinion that the FMCSA applies to plaintiff's accident is not sufficiently substantiated (*see e.g. Jones v City of New York,* 32 AD3d 706, 707 [1st Dept 2006] [expert's failure to present data or industry

157488/2019  GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC
Motion No.  002 003 004 005

Page 22 of 26

22 of 26

[* 22]

standards to substantiate opposing view "did not create a triable issue"]; citing *Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534, n 2 [1991]). Given the foregoing, For Sure has established that the FMCSA is inapplicable to plaintiff's accident.

Further, OSHA only applies to employer/employee relations "and thus OSHA regulations do not impose a specific statutory duty on parties other than a plaintiff's employer" (*Barger v Only Properties, LLC*, 193 AD3d 1027 [2d Dept 2021] [internal quotation marks and citations omitted]; *Martinez v 3801 Equity Co., LLC,* 155 AD3d 445, 446 [1st Dept 2017]). As For Sure was not plaintiff's employer, OSHA does not impose any statutory duties on it upon which a negligence claim could lie.

However, there is conflicting evidence as to whether For Sure's driver directed or supervised the loading of the Truck, which gives rise to a question of fact as to whether For Sure, through its employee, acted negligently in supervising the loading at the Premises. Similarly, there are questions of fact as to whether the Truck moved immediately prior to the accident and whether that movement was a proximate cause of the destabilization of the unsecured materials.

Given this conflicting testimony, and notwithstanding the inapplicability of the FMCSA or OSHA, there remain questions of fact as to whether For Sure assumed a duty of care towards plaintiff, and whether its employee's actions were a proximate cause of plaintiff's injuries.

Accordingly, plaintiff is not entitled to summary judgment in his favor on the common-law negligence claim against For Sure, and For Sure is not entitled to summary judgment dismissing the same claim.

***For Sure's Common-Law Indemnification cross-claim against Ulma***
***(Motion Sequence Number 004)***

For Sure moves for summary judgment in its favor on its cross-claim for common-law indemnification against Ulma.

157488/2019   GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC
Motion No.  002 003 004 005

Page 23 of 26

"To establish a claim for common-law indemnification, 'the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident'" (*Pena v Intergate Manhattan LLC*, 194 AD3d 576, 578 [1st Dept 2021], quoting *Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1st Dept 1999]).

As discussed above, as Ulma is free from negligence that contributed to plaintiff's accident, it cannot be liable for common-law indemnification. Thus, For Sure is not entitled to summary judgment in its favor on its cross-claim for common-law indemnification against Ulma. In addition, Ulma is entitled to dismissal of this claim (CPLR 3212[b]).

### PSD cross-claims for common-law indemnification and contribution against For Sure (Motion Sequence Number 004)

For Sure moves for summary judgment dismissing PSD's cross-claims for common-law indemnification and contribution against it.

As there remain questions of fact as to whether For Sure may be liable for plaintiff's accident based on its own negligence, For Sure is not entitled to summary judgment dismissing PSD's common-law indemnification cross-claim against it.

As to contribution, it "is available where two or more tortfeasors combine to cause an injury and is determined in accordance with the relative culpability of each such person" (*Godoy v Abamaster of Miami*, 302 AD2d 57, 61 [2d Dept 2003] [internal quotation marks and citations omitted]). Therefore, as questions of fact remain as to For Sure's culpability, questions of fact remain as to whether PSD is entitled to contribution from For Sure. Accordingly, For Sure is not entitled to summary judgment dismissing PSD's contribution cross-claim against it.

**157488/2019   GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC**
**Motion No. 002 003 004 005**                                    Page 24 of 26

[* 24]                               24 of 26

*For Sure and Ulma's cross-claims Against PSD (Motion Sequence Number 005)*

PSD moves for summary judgment dismissing For Sure's and Ulma's cross-claims seeking contribution and common-law indemnification against it, solely on the ground that the WCL bars any such claims against PSD. As discussed previously, the WCL does not apply to plaintiff's accident here, and PSD raises no other argument.

However, for a party to owe common-law indemnification or contribution to another, it must be guilty of some negligence that caused or contributed to the accident. The record contains no evidence of any negligence by PSD, and the Labor Law § 200/common-law negligence claims against PSD have been dismissed.

Therefore, PSD is entitled to summary judgment dismissing For Sure and Ulma's cross claims for common-law indemnification and contribution against it.

The parties' remaining arguments have been considered and found unavailing.

## CONCLUSION AND ORDER

Accordingly, it is hereby

ORDERED that plaintiff's motion (motion sequence number 002) for summary judgment dismissing defendant/second third-party plaintiff PSD 28 Ave Realty LLC's (PSD) affirmative defenses involving the Workers' Compensation Law's exclusivity defense is granted, and PSD's affirmative defenses 23 and 24 are severed and dismissed; and for summary judgment in his favor as to liability on the Labor Law § 240(1) claim as against PSD is granted; and the motion is otherwise denied; and it is further

ORDERED that the motion of defendant/third-party plaintiff Ulma Form-Works, Inc. (Ulma) (motion sequence number 003), for summary judgment dismissing the complaint as

157488/2019  GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC
Motion No. 002 003 004 005

Page 25 of 26

25 of 26

against it is granted and, by operation of law, the cross-claims for common-law indemnification and contribution are severed and dismissed as against it, and it is further

ORDERED that the motion of defendant/second third-party defendant For Sure Trucking LLC (For Sure) (motion sequence number 004), for summary judgment dismissing the complaint and all cross-claims against it, and for summary judgment in its favor on its cross-claims against Ulma, is granted to the extent that the Labor Law §§ 200, 240(1) and 241(6) claims are severed and dismissed, and the motion is otherwise denied; and it is further

ORDERED that PSD's motion (motion sequence number 005), for summary judgment dismissing the complaint and all cross-claims against it is granted to the extent that the common-law negligence and Labor Law §§ 200 and 241(6) claims, as well as all common-law indemnification and contribution cross-claims against it, are severed and dismissed, and the motion is otherwise denied.

| | |
|---|---|
| **6/18/25** | **HON. DAVID B. COHEN** |
| DATE | DANIEL CONSALVOS **J.S.C.** |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**157488/2019 GONZALEZ, KEVIN vs. PSD 28 AVE REALTY LLC**
**Motion No. 002 003 004 005**

Page 26 of 26

26 of 26